Present:  All the Justices

IRENE T. DOUGLAS

OPINION BY JUSTICE LAWRENCE L. KOONTZ, JR.
March 1, 1996

v.  Record No. 951355

CHESTERFIELD COUNTY POLICE DEPARTMENT, ET AL.

Upon a Question of Law Certified by the United States
District Court for the Eastern District of Virginia

Pursuant to our Rule 5:42, the United States District Court for the Eastern District of Virginia certified a question of Virginia law to this Court which we accepted by order entered September 21, 1995.  The question involves the provisions of Code § 8.01-229(B)(6) relating to delayed appointment of a personal representative.  The order of certification states that the certified question is dispositive of all claims asserted in the action.

The following relevant facts are taken from the district court's order of certification and the record provided to this Court.

On October 9, 1991, at the request of Irene T. Douglas (Mrs. Douglas), officers of the Chesterfield County Police Department (the Department) executed a custody order requiring that John F. Douglas (Mr. Douglas), Mrs. Douglas's husband, be committed to a local psychiatric facility.  Mr. Douglas resisted being taken into custody, which resulted in efforts by the officers to subdue him by forcing him to the floor and subjecting him to a "choke-hold."  Mr. Douglas was then placed in leg and wrist restraints and transported to the psychiatric facility specified in the custody

order.  Mr. Douglas was in cardiac arrest when he arrived at the facility and "subsequently died."[1]

On October 8, 1993, Mrs. Douglas first instituted an action in the Circuit Court of the City of Richmond (the state court) against the Department and several of its officers (collectively, the defendants).  The style of the motion for judgment named Mrs. Douglas as "Executor . . . of the Estate of John Frank Douglas." The motion for judgment was never served on any of the defendants and was dismissed by voluntary nonsuit taken on September 29, 1994.  Thereafter, Mrs. Douglas retained different counsel and instituted the present federal action on March 16, 1995.  In her complaint she alleged multiple deprivations of Mr. Douglas's constitutional rights in violation of 42 U.S.C. § 1983, various tort claims, and violations of the Constitution of Virginia.  The complaint was filed in the name of Mrs. Douglas as the "executrix" of Mr. Douglas's estate.  Although Mrs. Douglas was named as executrix in Mr. Douglas's will, she did not qualify as personal representative of the estate until April 26, 1995.

The defendants moved to dismiss the federal action on the ground that the action was barred by the two-year limitation period provided in Code § 8.01-244.  The defendants asserted that since Mrs. Douglas failed to qualify as personal representative for Mr. Douglas's estate until April 26, 1995, no action had been instituted by a proper party within two years after Mr. Douglas's

[1]Although this phrase is not precise as to the date of his death, the parties do not dispute that Mr. Douglas died on October 9, 1991.

death. In response, Mrs. Douglas asserted that the provisions of Code § 8.01-229(B)(6) permitted her April 26, 1995 qualification as personal representative to relate back to the last day of the two-year statute of limitations period, that such relating back made her the proper party to bring the state action and the federal action, that the voluntary nonsuit of her state action activated the tolling provisions of Code § 8.01-229(E)(3), and, therefore, that the filing of her federal action on March 16, 1995, within six months of the nonsuit, was timely.

> The district court certified the following question:
> Whether, under the foregoing facts and for the purpose of determining the timeliness of the present action, [Va. Code § 8.01-229(B)(6)] operates to deem Mrs. Douglas as having qualified as the personal representative of Mr. Douglas on October 8, 1993.[2]

On brief and during oral argument, the parties addressed at length the question of what tolling provision applied in light of Mrs. Douglas's voluntary nonsuit of her state court action for wrongful death. However, Mrs. Douglas's federal proceeding clearly includes personal actions in addition to her claim for wrongful death.

Rather, the certified question focuses upon whether, under the "deeming" provision of Code § 8.01-229(B)(6), Mrs. Douglas's qualification on April 26, 1995, relates back, as she argues, to the last day of the original two-year limitation period, constituting her as the proper party to file both her state action

---

[2]Although the date given in the certified question is October 8, 1993, if we were to find that Code § 8.01-229(B)(6) has application here, the applicable date would be October 9, 1993.

and her federal action, and making the filing of the federal action timely. We do not think that Code § 8.01-229(B)(6) contemplates such relating back as Mrs. Douglas contends and, accordingly, we answer the certified question in the negative.

> In pertinent part, § 8.01-229 provides as follows:
>     B. <u>Effect of death of a party</u>. -- The death of a person entitled to bring an action or of a person against whom an action may be brought shall toll the statute of limitations as follows:
>
>     1. Death of person entitled to bring a personal action. -- If a person entitled to bring a personal action dies with no such action pending before the expiration of the limitation period for commencement thereof, then an action may be commenced by the decedent's personal representative before the expiration of the limitation period including the limitation period as provided by subdivision E 3 or within one year after his qualification as personal representative, whichever occurs later.
>
>         . . .
>
>     6. Delayed qualification of personal representative. -- If there is an interval of more than two years between the death of any person in whose favor . . . a cause of action has accrued or shall subsequently accrue and the qualification of such person's personal representative, such personal representative shall, for the purposes of this chapter, be deemed to have qualified on the last day of such two-year period.

We think that the "deeming" language of § 8.01-229(B)(6) was intended to address the problem of a personal representative attempting to extend the applicable statute of limitations indefinitely by delaying qualification. In response to this problem, (B)(6) sets an outer time limit for the filing of a personal action on behalf of the estate of a decedent when there is an interval of more than two years between the death of the decedent and the qualification of his personal representative,

with the time running from the last day of such two-year interval. As the Revisers' Note to § 8.01-229 explains, the "deeming" language in (B)(6) was included "for the purpose of measuring the applicable statute of limitation [and extensions thereof]."

For example, where the applicable statute of limitations is two years from the death of the decedant as suggested by the certified question in the present case, if, as contemplated by § 8.01-229(B)(6), no personal representative has qualified on an estate during an interval of more than two years after the death of the decedent, the additional one year allowed by § 8.01-229(B)(1) for the filing of a personal action will start to run on the deemed date of qualification, <u>viz.</u>, the last day of the two-year period, thus providing an outer time limit of three years for such filing. Or, if the plaintiff takes a nonsuit on the last day of the three-year period, the tolling provision of § 8.01-229(E)(3), interacting with the "deeming" provision of -229(B)(6), fixes the outer time limit at three and one-half years.[3]

This does not mean, however, that the filing is timely when the personal representative fails to qualify until after the action is filed or that a subsequent qualification validates the

---

[3]Code § 8.01-229(E)(3) provides in pertinent part as follows:

> If a plaintiff suffers a voluntary nonsuit . . ., the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer.

filing.  See Code § 64.1-136 (executor without power until qualification).  There is nothing in the language of § 8.01-229(B)(6) indicating the legislative intent to eliminate the necessity of a personal representative having qualified at the time an action is filed or to relate a later qualification back to the date of the filing.

Here, Mrs. Douglas did not qualify as personal representative until after she filed her federal action, when all applicable limitations and extensions had expired.[4]  Hence, she was not a proper party to file the action, and her qualification did not relate back and validate the filing of the federal action.

<u>Certified question answered in the negative</u>.

---

[4]We expressly do not decide that Mrs. Douglas was entitled to the benefit of the tolling provisions of Code § 8.01-229(E)(3). Rather, because the result is the same, we will assume that she was.