Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Carrico, S.J.

EDITH SIMON

v.  Record No. 021627  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    April 17, 2003
LESLIE ELLIOT FORER, M.D., ET AL.

        FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                  Rossie D. Alston, Jr., Judge


    In this appeal, we decide whether a statute of

limitations is tolled upon commencement of a nonsuited

action when the plaintiff does not renew the action within

six months from the date of the nonsuit order.  The circuit

court concluded that the recommenced action was barred

because it was filed outside both the original two-year

statute of limitations and the six-month period following

entry of the nonsuit order.  Finding no error, we will

affirm the circuit court's judgment.

                MATERIAL FACTS AND PROCEEDINGS

    On June 18, 1999, Edith M. Simon filed a motion for

judgment for medical malpractice against Leslie Elliot

Forer, M.D., Michael Bruce Robins, M.D., Potomac Hospital

Corporation of Prince William, and Potomac Radiology and

Imaging Associates, Inc. (collectively "the defendants").

Simon alleged that the defendants did not "comply with the

applicable standard(s) of care" and were negligent by

failing to interpret accurately mammogram screenings performed in March 1997 and to make a timely diagnosis of breast cancer based on those mammograms.  On July 18, 2000, the trial court granted Simon's motion for a nonsuit pursuant to Code § 8.01-380.

Approximately nine months after entry of the nonsuit order, on April 16, 2001, Simon re-filed her motion for judgment against the same defendants.[1]  In response, the defendants filed, among other things, pleas in bar, asserting that Simon's cause of action was barred by the applicable two-year statute of limitations.  See Code § 8.01-243(A).  The parties agree, for purposes of this appeal, that Simon's cause of action accrued either on September 14, 1998 or on September 28, 1998.

After considering the parties' memoranda and argument, the circuit court rejected Simon's argument that the two-year statute of limitations was tolled while the first action was pending.  Since the second action was filed outside the original two-year limitations period and not within six months of entry of the nonsuit order as provided in Code § 8.01-229(E)(3), the court sustained the pleas in

---

[1] Simon filed both motions for judgment in the Circuit Court of Arlington County.  By order dated February 27, 2002, the second motion for judgment was transferred to the Circuit Court of Prince William County.

bar and dismissed the renewed action with prejudice. Simon appeals from the circuit court's judgment.

ANALYSIS

The issue on appeal is whether the applicable two-year statute of limitations was tolled upon commencement of the nonsuited action even though Simon did not renew the action within six months from the date of the nonsuit order. Resolution of this issue turns on the scope of the tolling provision in Code § 8.01-229(E)(3) and is a question of law, there being no material facts in dispute. Thus, the circuit court's judgment is subject to de novo review. See Sheets v. Castle, 263 Va. 407, 410, 559 S.E.2d 616, 618 (2002); Willard v. Moneta Bldg. Supply, Inc., 262 Va. 473, 477, 551 S.E.2d 596, 597 (2001).

In pertinent part, Code § 8.01-229(E) states:

> E. Dismissal, abatement, or nonsuit.
>
> 1. Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.
>
> . . . .
>
> 3. If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the

3

plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

On appeal, Simon argues that the circuit court erred by not applying the plain language of Code § 8.01-229(E)(3), which provides that, when a plaintiff suffers a voluntary nonsuit, the applicable statute of limitations is "tolled by the commencement of the nonsuited action." Relying on this language, Simon contends that the two-year statute of limitations was tolled while the first motion for judgment was pending and that the circuit court's decision negated the tolling provision in Code § 8.01-229(E)(3).

Continuing, Simon acknowledges that the opening clause of Code § 8.01-229(E)(1) makes the provisions of subsection(E)(3) controlling in determining the options for re-filing a nonsuited action. However, Simon asserts that nothing in subsection (E)(3) states that a plaintiff must re-file a nonsuited action within six months of the date of the nonsuit order and that subsection (E)(3) does not contain a method of calculating the amount of time

4

remaining in the "original period of limitation."  For these reasons, Simon contends that "the reader must then go back to the language of . . . Code § 8.01-229(E)(1) for instructions on what to do with the time remaining on the tolled statute of limitations . . . ."  She states that "[t]his step is necessary because the computation for tolled time remaining in the original statute of limitations is not provided for by . . . Code § 8.01-229(E)(3)."

Applying her interpretation of Code §§ 8.01-229(E)(1) and -229(E)(3), Simon contends that the two-year statute of limitations was tolled during the 13 months that the first motion for judgment was pending before entry of the nonsuit order.  Since nine months of the two years had expired when Simon first filed her action, she asserts that she had 15 months remaining on the original statute of limitations in which to renew the nonsuited action.  We do not agree with Simon's position.

Initially, it is important to point out that this case does not implicate the tolling provision set forth in Code § 8.01-229(E)(1).  Under that subsection, a statute of limitations is tolled when an action, commenced within the prescribed limitation period, is later dismissed or abates without determining the merits.  The time during which the

5

action was pending is not included as part of the period within which the action could have been brought, and the action may be re-filed "within the remaining period." Code § 8.01-229(E)(1). However, the initial clause of subsection (E)(1) specifically precludes the applicability of that tolling provision to an action that is nonsuited. In the event of a nonsuit, the provisions of subsection (E)(3) govern the determination of the time period during which a nonsuited action may be recommenced.

Subsection (E)(3) provides that, when a plaintiff suffers a nonsuit, that plaintiff, unlike a plaintiff coming within the scope of subsection (E)(1), has three possible time periods in which to renew the nonsuited action: (1) within six months of the date of the nonsuit order; (2) within the "original period of limitation;" or (3) within the period provided in subsection (B)(1).[2] Code § 8.01-229(E)(3). A plaintiff may utilize whichever of these periods is longest. Id. The question we must answer is whether an "original period of limitation" is tolled upon commencement of a nonsuited action. We conclude that it is not.

In Code § 8.01-229(E)(3), the General Assembly provided that an applicable statute of limitations shall be

tolled upon commencement of a nonsuited action.  But, the General Assembly did not include the language used in subsection (E)(1), stating that "the time such action is pending shall not be computed as part of the period within which such action may be brought."  Code § 8.01-229(E)(1).  That particular language delineates the period of time during which a statute of limitations is tolled under subsection (E)(1), i.e., while an action is pending.

Since subsection (E)(3) does not contain comparable language, Simon contends that we should refer to the provisions in subsection (E)(1) to determine the amount of time remaining on the two-year "original period of limitation" after entry of the nonsuit order.  However, we find nothing in subsection (E)(3) indicating that reference to subsection (E)(1) is permissible when an action is nonsuited.  To the contrary, the opening clause of subsection (E)(1) expressly excludes the applicability of the tolling provision contained therein to an action that is nonsuited.  But if we adopted Simon's position that the "original period of limitation" was tolled upon commencement of the nonsuited action even though she did not renew that action within six months of the date of the nonsuit order, we would necessarily have to refer to

---

[2] The third option is not at issue in this case.

7

subsection (E)(1) in order to ascertain the duration of the tolling.  Otherwise, the "original period of limitation" would be tolled for an indefinite period of time under subsection (E)(3).

Obviously, the General Assembly did not intend for that scenario to arise.  Consequently, we conclude that the subsection (E)(3) tolling provision must be read in conjunction only with the option to renew the nonsuited action within six months of the date of the nonsuit order.  By constructing subsection (E)(3) in this manner, the General Assembly has provided a window of six months during which a nonsuited action can be recommenced even if it was originally filed on the last day of the applicable statute of limitations.  However, when a plaintiff, such as Simon, suffers a nonsuit and does not renew the action within the allotted six months, the "original period of limitation" is not tolled.

Our conclusion is consistent with the General Assembly's use of different terms in Code §§ 8.01-229(E)(1) and –229(E)(3).  In subsection (E)(1), the General Assembly utilized the term "remaining period" to describe the period of time during which a plaintiff may recommence an action that is dismissed or abates without determining the merits.  The use of that term is consistent with the fact that a

statute of limitations is tolled under subsection (E)(1) while an action is pending.  However, in subsection (E)(3), which specifically applies to an action that has been nonsuited, the General Assembly used the term "original period of limitation" to describe one of the possible periods during which a plaintiff may renew a nonsuited action.  We construe the term "original period of limitation" to mean the original statute of limitations without any tolling of that statute while a nonsuited action is pending.  To interpret this term as Simon suggests would require us either to give that term and the term "remaining period" the same meaning or to re-write subsection (E)(3) to say "original period of limitation" as computed under subsection (E)(1).

We have a duty to "construe the law as it is written." Hampton Roads Sanitation Dist. Comm'n v. Chesapeake, 218 Va. 696, 702, 240 S.E.2d 819, 823 (1978).  In doing so, we assume that the "legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words."  Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990).  "When the General Assembly uses two different terms in the same act, it is presumed to mean two different things."  Forst v. Rockingham Poultry Mktg. Coop., Inc., 222 Va. 270, 278, 279

S.E.2d 400, 404 (1981). Our interpretation of Code § 8.01-229(E) is consistent with these principles.

We note that our construction of Code § 8.01-229(E)(3) is consistent also with the Revisers' Note regarding that subsection:

> Subsection E 3 qualifies the application of subsection E 1, and requires a plaintiff who takes a nonsuit to renew his suit within six months or the running of the statute of limitations will not be affected by the commencement of the original action.

See also Scoggins v. Douglas, 760 F.2d 535, 538 (4th Cir. 1985). While the Revisers' Note is not controlling on this Court, see Lavery v. Automation Mgmt. Consultants, Inc., 234 Va. 145, 149 n.3, 360 S.E.2d 336, 339 n.3 (1987), we have previously referred to it in interpreting Code § 8.01-229. See Douglas v. Chesterfield County Police Dep't, 251 Va. 363, 367, 467 S.E.2d 474, 476 (1996).

## CONCLUSION

For these reasons, we conclude that, when Simon suffered a nonsuit of her first motion for judgment and did not recommence the action within six months of the date of the nonsuit order, the two-year statute of limitations was not tolled during the pendency of the nonsuited action. Consequently, the "original period of limitation" expired in September 2000. Since Simon did not re-file the nonsuited action until April 2001, the circuit court

10

correctly sustained the defendants' pleas in bar.  We will affirm the judgment of the circuit court.

Affirmed.
