PRESENT: All of the Justices

REBECCA FOWLER, ADMINISTRATOR OF
THE ESTATE OF ROBERT FOWLER
                                        OPINION BY
v.  Record No. 022260          JUSTICE DONALD W. LEMONS
                                        JUNE 6, 2003
WINCHESTER MEDICAL CENTER, INC., ET AL.


        FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
                    John E. Wetsel, Jr., Judge

    In this appeal, we consider whether a suit for wrongful

death brought by a nonresident party who, at the time the suit

was filed, was not qualified as a personal representative in

Virginia or any other state, tolled the statute of limitations

while the suit was pending.

                    I. Facts and Proceedings Below

    Robert Fowler (the "decedent") died intestate on December

24, 1999.  His wife, Rebecca Fowler ("Fowler"), was appointed

administrator of the decedent's estate by the Berkeley County

Commission of West Virginia on March 9, 2000.  By Final

Settlement Order dated October 2, 2000, the Berkeley County

Commission approved the settlement of the decedent's estate and

notified Fowler that "the order conferring authority is

terminated, the bond released and the estate closed."

    On December 21, 2001, Fowler filed a motion for judgment

for wrongful death in the Circuit Court of the City of

Winchester alleging medical malpractice against ten health care

providers who cared for the decedent before his death.  When the suit was filed, Fowler had not qualified as the decedent's personal representative in Virginia.  As a result of pretrial motions and orders, the number of defendants was narrowed to those health care providers before the Court in this appeal. The remaining defendants filed various motions to dismiss and demurrers alleging, among other things, that Fowler had no standing to maintain the cause of action, that the pendency of the purported action did not toll the statute of limitations, that the statute of limitations had expired, and that the motion for judgment should be dismissed with prejudice.  Fowler sought to nonsuit the action against all remaining defendants; however, the remaining defendants objected because of a pending cross-claim for contribution.

The trial court denied Fowler's motion for nonsuit and granted defendants' motions to dismiss with prejudice.  Fowler appeals the adverse judgment of the trial court.

## II. Analysis

On appeal, Fowler concedes that she does not have standing to maintain her suit.  Nonetheless, she argues that the trial court erred by dismissing the motion for judgment with prejudice because she maintains that she is a "real party in interest" as defined in McDaniel v. North Carolina Pulp Co., 198 Va. 612, 95 S.E.2d 201 (1956), and is entitled to the tolling provision of

2

Code § 8.01-244(B).  Fowler contends that she has the right to properly qualify as a personal representative under Code § 26-59 and refile the suit within "the remaining period of such two years as if such former action had not been instituted."  Code § 8.01-244(B).[1]  The material facts are not in dispute.  We review this question of law utilizing a de novo standard. Sheets v. Castle, 263 Va. 407, 410, 559 S.E.2d 616, 618 (2002).

The Virginia Wrongful Death Act, Title 8.01, Ch. 3, Art. 5 of the Code of Virginia provides in part that such an action "shall be brought by and in the name of the personal representative of such deceased person within the time limits specified in [Code] § 8.01-244."  Code § 8.01-50(B).  The statute governing the period of limitations for such an action provides the following in part:

> Every action under § 8.01-50 shall be
> brought by the personal representative of the
> decedent within two years after the death of the
> injured person.  If any such action is brought
> within such period of two years after such
> person's death and for any cause abates or is
> dismissed without determining the merits of such
> action, the time such action is pending shall not
> be counted as any part of such period of two

---

[1] In the remaining assignment of error, Fowler maintains that the trial court erred by granting the health care providers' motions to dismiss because the statute of limitations had not expired.  She argues that Code § 8.01-229(B) and our opinion in Douglas v. Chesterfield County Police Dep't, 251 Va. 363, 467 S.E.2d 474 (1996) provide for tolling of the statute of limitations under the facts of this case. Fowler did not raise this argument in the trial court and we will not consider it for the first time on appeal.  Rule 5:25.

3

years and another action may be brought within the remaining period of such two years as if such former action had not been instituted. . . .

Code § 8.01-244(B).

The decedent died on December 24, 1999. Fowler filed her wrongful death action in the trial court on December 21, 2001. At that time she had not qualified as the personal representative of the decedent in Virginia and her prior qualification in West Virginia had been terminated. Fowler incorrectly represented herself in the pleadings as "Administrator of the Estate of Robert Fowler, Deceased." After the expiration of more than two years from the decedent's death, the health care providers moved the trial court to dismiss the action with prejudice.

Fowler conceded that she had not complied with requirements of Code § 26-59 concerning the qualification of a nonresident of the Commonwealth to serve as a personal representative of the decedent. We have previously held that a motion for judgment filed by one who did not have standing to sue did not toll the statute of limitations. See Harbour Gate Owners' Assoc. v. Berg, 232 Va. 98, 107, 348 S.E.2d 252, 258 (1986). Nonetheless, Fowler maintained that she was a "real party in interest" pursuant to McDaniel and that her suit tolled the statute of limitations which would allow her to properly qualify and refile

4

the suit.  The trial court denied Fowler's motion for nonsuit and granted the motions to dismiss with prejudice.[2]

McDaniel involved a wrongful death suit brought in Virginia by John R. McDaniel, Jr. ("McDaniel"), the father of the decedent.  McDaniel was qualified as the decedent's personal representative in the state of Nevada, but not in Virginia.  McDaniel, 198 Va. at 613, 95 S.E.2d at 202.  The trial court granted defendants' motion for summary judgment because McDaniel was not qualified as the decedent's personal representative in Virginia; consequently, he had no standing.  Id. at 614, 95 S.E.2d at 203.

Four months later, McDaniel filed another wrongful death suit in Virginia based on the same cause of action.  In the second suit, McDaniel was joined by a co-plaintiff, Mary M. Persinger ("Persinger"), who was a resident of Virginia and recently had qualified as the decedent's personal representative in Virginia.  The trial court dismissed the second suit holding that the statute of limitations had expired.  On appeal, we considered the question "whether the action commenced on September 22, 1953, by [McDaniel], as the Nevada administrator of [the decedent], and concluded on December 10, 1954, was such

---

[2] Fowler moved for a nonsuit; however, the trial court denied the motion because a cross-claim was pending. See Code § 8.01-380(D) (Cum. Supp. 2002).  Fowler does not assign error to the trial court's denial of her motion for nonsuit.

5

an action, the commencement of which tolled the [statute of

limitations]."  Id.

    We reversed the judgment of the trial court, holding that

the statute of limitations was tolled by the filing of the first

suit.  We posited the question "whether the plaintiffs in the

two actions are substantially the same parties," Id. at 619, 95

S.E.2d at 206, and held that McDaniel was a "real party in

interest" because he was qualified as the decedent's personal

representative in Nevada when the second suit was filed.  Id.

We further noted the following:

> [McDaniel] could have sued in Nevada for the same
> cause of action, if jurisdiction of the
> defendants could have there been acquired.  He
> could have arranged with the defendants a
> settlement of the claim in controversy and his
> receipt would have been an acquittance of
> liability.  Upon the qualification of [Persinger]
> as administratrix in Virginia, he continued as a
> real party in interest, and was entitled to have
> an accounting from her.  [McDaniel and Persinger]
> . . . were substantially the same plaintiff as
> the plaintiff in the first action, suing in the
> same right.  Only the name of a co-plaintiff was
> added in the second action.  Whatever the name of
> the plaintiff, the real party in interest
> remained the same; the suit was instituted in the
> same right; and the cause of action was the same.

Id.

    The focal point of our analysis in McDaniel was that

McDaniel was a qualified personal representative of the

decedent's estate, albeit in Nevada rather than Virginia, when

the first suit was filed.  By contrast, Fowler was not a

6

qualified personal representative anywhere.  Although she had previously qualified as the decedent's personal representative in West Virginia, her qualification there was terminated by the Final Settlement Order of the Berkeley County Commission on October 2, 2000.  In contrast to the posture of the case in McDaniel, when Fowler filed this wrongful death suit in Virginia, she was not qualified as the decedent's personal representative in Virginia or any other state; consequently, she will never be able to file a new suit as a qualified personal representative and claim that she is "substantially the same party" as the plaintiff in the first suit.

## III. Conclusion

Fowler concedes she does not have standing to maintain this action for wrongful death of the decedent.  Her circumstances are distinguished from McDaniel and she cannot obtain the benefit of tolling of the statute of limitations during the pendency of the suit.  For the reasons stated, we hold that the trial court did not err in dismissing Fowler's Motion for Judgment with prejudice.  We will affirm the judgment of the trial court.

Affirmed.

7