Present:  All the Justices

MID-ATLANTIC BUSINESS
COMMUNICATIONS, INC.

v.  Record No. 040967    OPINION BY JUSTICE ELIZABETH B. LACY
                                      January 14, 2005
VIRGINIA DEPARTMENT OF
MOTOR VEHICLES

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

The Virginia Public Procurement Act, Code §§ 2.2-4300 through -4377 (VPPA or the Act), requires that a claim against a public body based on a contract awarded under the Act must be filed within six months of the final decision of the public body.  Code § 2.2-4363(D).  Mid-Atlantic Business Communications, Inc.'s (MABC) claim against the Virginia Department of Motor Vehicles (the Department) was denied in a letter from the Department dated August 22, 2002 and in a letter from the Comptroller dated January 31, 2003.  MABC filed this litigation on February 27, 2003.  Because the August 22, 2002 letter was the final decision of the Department, the trial court correctly dismissed MABC's motion for judgment because it was not filed within the Act's six-month limitation period.

**Facts**

The Department awarded MABC a contract to create and install an Internet Call Center.  The terms of the <u>Vendors</u>

Manual were incorporated into the Contract. Code § 2.2-4363(B) and (C); Department of General Services, Commonwealth of Virginia, Vendors Manual (Dec. 1998). The contract was for a fixed price of $207,111.78 and was to be performed and paid in two phases. The first phase was completed and paid for without incident. In June 2002, the Department's Manager of MIS Budget and Procurement, George S. Goodman, Jr., notified MABC by letter that the Department was rejecting the work done under the second phase because MABC's product had a number of security issues. MABC was given 30 days to redesign the system to meet the Department's requirements. In a July 23, 2002 letter, Goodman told MABC that its response was unsatisfactory, that the contract was cancelled, and that the Department would not pay the remaining $102,451.67 due under the contract for the second phase.

MABC appealed the Department's decision to the Procurement Appeals Board but was notified that the Board had no jurisdiction to entertain the appeal. MABC then sent a letter, dated July 31, 2002, to the Department arguing that the alleged security problems were new requirements not previously listed in the contract and requesting that the Department honor the full payment price under the contract. Goodman responded by letter on August 22, 2002, stating, "Your claim for payment is hereby denied."

MABC then sent a letter, dated August 26, 2002, to Asbury W. Quillan, Commissioner of the Department, requesting payment of the second phase amount.  The letter stated that legal action would be taken if no response was received within 10 days.  On August 30, 2002, Thomas P. Falat, Assistant Commissioner of the Department, notified MABC that "the DMV stands by the decision to cancel."  On October 23, 2002, MABC mailed a certified letter to the Comptroller of the Commonwealth and the Commissioner of the Department seeking payment pursuant to Code § 2.2-814 (formerly Code § 2.1-223.1).  As required by Code § 2.2-815, the Commissioner informed the Comptroller on January 29, 2003 that MABC's claim had been previously denied and he recommended that the Comptroller deny MABC's pecuniary claim.  In a letter dated January 31, 2003, the Comptroller denied MABC's claim.

## Proceedings

MABC instituted this litigation on February 27, 2003 against the Department and the Comptroller claiming breach of contract and seeking damages in the amount of $102,451.67, the remainder of the contract price for the second phase.  The defendants filed a Plea in Bar, Demurrer, and Grounds of Defense, arguing that the Comptroller was not a proper party and that the claim was filed beyond the Act's six-month limitations period and therefore was time-barred.  The trial

court sustained the defendants' Demurrer and Plea in Bar, dismissed the Comptroller as a party, and held that because the August 22, 2002 letter was the final decision of the Department, MABC's action was untimely. The trial court also held that Code § 8.01-229(D) did not toll the running of the limitations period. We awarded MABC an appeal.

## Discussion

On appeal, MABC contends that the action was timely filed first because the January 31, 2003 letter from the Comptroller was the Department's final decision. The VPPA states that a decision by a "public body" is final unless appealed within six months of the final decision of the "public body." Code § 2.2-4363(D). MABC's first argument is based on the definition of "public body." The Vendors Manual, which was promulgated pursuant to the VPPA and incorporated into the contract between the Department and MABC, recites that a claim denial is final if issued by an agency's "purchasing office." "Purchasing office" is not defined in the Manual, and MABC argues that "because of the significance attached to the final decision," the phrase should be interpreted as meaning the head of the agency involved.

This interpretation is further supported, according to MABC, when considered in conjunction with the procedure for filing a pecuniary claim against the Commonwealth. This

4

procedure, Code §§ 2.2-814 and –815, provides that pecuniary claims against the Commonwealth must be presented first to the "head of the . . . agency" against which the claim is lodged and that officer must make a recommendation on the claim to the Comptroller.  Reading these provisions together, MABC concludes that the only decision of the head of the Department was contained in the January 31, 2003 letter and that letter, therefore, constitutes the final decision by the Department.

This argument fails first because the absence of a definition of "purchasing office" in the Vendors Manual does not make the term ambiguous or in need of further interpretation.  As applied to these facts, there was no ambiguity about the position held by Goodman.  Each letter Goodman signed stated his title as Manager of the MIS/ITS Budget and Procurement Office.  This designation is also recited on the signature line of the contract.

MABC's argument also fails because it seeks to incorporate into the VPPA terms contained in a separate, unrelated procedure.  The VPPA is a specific statute relating to the acquisition of goods and services by public bodies.  We have previously held that the provisions of that Act, not the predecessors to Code §§ 2.2-814 and 2.2-815, apply to disputes arising from goods or services provided under the VPPA.  The Dr. William E.S. Flory Small Bus. Dev. Ctr. v. Commonwealth,

261 Va. 230, 239, 541 S.E.2d 915, 920 (2001). Therefore, we decline to interpret provisions of the VPPA by incorporating provisions relating to filing pecuniary claims against the Commonwealth.

The next argument advanced by MABC in support of its position is that the Department did not consider its August 22 letter to be a final decision because, by filing a recommendation on MABC's claim with the Comptroller, it acknowledged that MABC's claim was "authorized" under Code § 2.2-814, and therefore, the Comptroller's letter of January 31, 2003 was the final agency decision. This argument is also without merit because it ignores the separate nature of the two statutory processes and would allow a litigant to extend the time limitations of the VPAA by instituting a claim under an entirely separate procedure. The Department's recommendation to the Comptroller regarding MABC's claim was a task required by Code § 2.2-815 and had no effect on the finality of the Department's previous rejection of the claim under the VPPA.

The trial court correctly concluded that the August 22, 2002 letter was the final decision of the Department and the VPPA's six-month limitations period for filing suit began on that date.

6

MABC also argues that its suit was timely filed because the date for filing an action against DMV was tolled under Code § 8.01-229(D) which provides that if a defendant obstructs the filing of an action by any "direct or indirect means," the "time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought." The trial court refused to apply the tolling provisions of Code § 8.01-229(D) because it concluded that tolling provisions "[c]an't run against the Commonwealth." MABC assigns error to this holding. We agree that the holding of the trial court is in error.

We are aware of no case in which a plaintiff was denied the ability to assert the tolling provisions of Code § 8.01-229 solely because the defendant was the Commonwealth or one of its agencies. To the contrary, for example, in Douglas v. Chesterfield County Police Dept., 251 Va. 363, 467 S.E.2d 474 (1996), the plaintiff sought to rely on the tolling provisions of Code § 8.01-229(B)(6) for the timely filing of its actions against the Chesterfield County Police Department. Id. at 365, 467 S.E.2d at 475. Although this Court, in responding to a certified question from the United States District Court for the Eastern District of Virginia, determined that the tolling provisions were not available to the plaintiff because the plaintiff did not qualify as a personal representative at the

7

time she filed her federal action, the ability to raise the tolling provision against the governmental defendant was never questioned. Moreover, the Court recognized the possibility that the plaintiff would also have been entitled to seek the benefit of the tolling provisions of Code § 8.01-229(E)(3). Id. at 367-68 & n.4, 467 S.E.2d at 476-77 & n.4. The legal status of the defendant does not determine whether a plaintiff is entitled to seek the protection of the tolling provision provided by statute, and the trial court erred in holding otherwise. Nevertheless, a plaintiff must meet its burden of proof under the statute to establish entitlement to its protection.

To secure the tolling authorized by Code § 8.01-229(D), MABC had to establish that the Department "undertook an affirmative act designed or intended, directly or indirectly, to obstruct the [MABC's] right to file [its] action." Grimes v. Suzukawa, 262 Va. 330, 332, 551 S.E.2d 644, 646 (2001). "Constructive fraud is not such as will toll the running of the statute of limitations . . . . A defendant must intend to conceal the discovery of the cause of action by trick or artifice and must have thus actually concealed it from the plaintiff in order for the exception to apply." Richmond Redevelopment and Housing Authority v. Laburnum Const. Corp., 195 Va. 827, 840, 80 S.E.2d 574, 582 (1954).

MABC argued at trial, as it does here, that internal documents obtained during discovery showed that the Department continued to consider MABC's claim unresolved after Goodman's August letter but did not reply to MABC's August 26 letter, and did not reply to MABC's October 23, 2002 letter to the Comptroller until January 29, 2003.  This evidence, according to MABC, shows that the Department "purposefully misled" MABC and "intended to prevent MABC from instituting litigation within six months" of Goodman's August 22, 2002 letter.

Neither the failure to reply to MABC's letters nor the time taken to reply to the Comptroller's request is evidence of an affirmative act that was designed to thwart MABC's ability to file a lawsuit against the Department.  As the Department points out, the provisions of the Act allow the contractor to file suit, if the contractor has not received a response from the agency within the period specified in the contract at issue.  Code § 2.2-4363.  In this case, a 30-day period was set by § 7.19 of the Vendors Manual which was incorporated into the parties' contract.  Therefore, regardless of the Department's actions, if MABC did not believe that the August 22 letter was the final denial of MABC's claim, it was free to file an action 30 days after it failed to receive a response to its August 26 letter. Furthermore, MABC, not the Department, chose to seek relief

9

under two separate procedures.  Nothing in the pecuniary claims process prohibited MABC from filing its claim under the VPPA.  Therefore, the tolling provisions of Code § 8.01-229(D) were not available to MABC and the trial court did not err in refusing to apply those provisions in this case.[*]

For the reasons stated, we will affirm the trial court's judgment sustaining the plea in bar and dismissing MABC's motion for judgment with prejudice.

<u>Affirmed.</u>

---

[*] In light of this holding, we need not address whether the Department would be bound by actions of its agents in this circumstance.