## CIRCUIT COURT OF FAIRFAX COUNTY

Justin Halatyn,
by Thomas V. Halatyn,
his father and next friend,
Thomas V. Halatyn,
and Nancy J. Betschart

 v.

David R. Miller
and Town Center Orthopedic
Associates, P.C.

October 31, 2005

Case Nos. CL 04-226298 and CL 2005-1400

BY JUDGE STANLEY P. KLEIN

These matters are before the court to determine whether a prior nonsuit of right of claims brought by a minor, Justin Halatyn (Justin), in his own name, precludes Justin from suffering a nonsuit of right to the same causes of action against the same parties defendant in a subsequent suit brought by Justin through his next friend, his father Thomas V. Halatyn. For the reasons set forth below, Plaintiffs' motion for a nonsuit of right is denied.

### Background

This matter arises out of medical treatment provided for Justin, who broke his wrist on April 24, 2003. Justin and his parents, Thomas V. Halatyn and Nancy J. Betschart (The Parents), filed a five count Motion for Judgment (The First Action) on October 7, 2004, against David R. Miller, M.D., and

Town Center Orthopedic Associates, P.C. (TCOA). Count 1 was a claim for medical malpractice against Miller. Count 2 alleged liability of TCOA upon a theory of respondeat superior. Count 3 was a claim for negligent supervision against TCOA. Count 4 was a claim against both defendants upon a theory of emotional distress. Count 5 was also against both defendants seeking compensatory damages for out of pocket medical expenses incurred by The Parents. Counts 1 through 4 were brought in the name of Justin; Count 5 was brought solely in the names of The Parents.

Defendants demurred to counts 1 through 4 of The First Action, arguing that Justin, a minor, could not bring a suit in his own name and could bring such claims solely through his "next friend." At the hearing on Defendants' demurrer, Plaintiffs' counsel moved to nonsuit counts 1 through 4, which motion was granted by this court on January 7, 2005.

On March 9, 2005, a new Motion for Judgment (The Second Action) was filed against the same defendants by The Parents, suing in their own names, and by Justin suing by Thomas V. Halatyn, his father and next friend. The Second Action contained four counts. Count 1 was a claim for medical malpractice against Miller. Count 2, also against Miller, alleged a lack of informed consent. Count 3 alleged liability of TCOA upon a theory of respondeat superior. Count 4, also against TCOA, alleged negligent credentialing. The Second Action was consolidated with the remaining count from The First Action. Defendants demurred to The Parents' claims on all four counts, asserting that these claims belonged solely to Justin. They also demurred to the negligent credentialing claim on the ground that no such cause of action exists under Virginia law.

At the hearing on Defendants' demurrer, Plaintiffs successfully nonsuited the negligent credentialing claim. Additionally, by order of this court entered July 6, 2005, Defendants' demurrer to the claims brought in The Parents' name in The Second Action was sustained.

Hence, the remaining claims in the consolidated cases are The Parents' claim for medical expenses from The First Action and Justin's claims, through his next friend in The Second Action, set out in three separate counts for alleged malpractice against Miller and TCOA. Approximately two weeks before trial, Plaintiffs advised the court that they would be moving to nonsuit, as a matter of right, all remaining claims in both The First and Second Actions. A hearing was held on the motion on September 9, 2005.

*Analysis*

A. *Substantial Similarity of Parties Plaintiff*

Plaintiffs contend that the remaining counts in the Second Action may be nonsuited as a matter of right because the Plaintiff in counts 1 through 4 of the First Action, Justin Halatyn, is different from the Plaintiff in the corresponding counts of the Second Action, Justin Halatyn, through his next friend. Defendants respond that the claims filed on behalf of Justin in The Second Action may not be nonsuited as a matter of right, as Justin, by his next friend Thomas Halatyn, is substantially the same party plaintiff as the plaintiff Justin Halatyn in The First Action.

Virginia Code § 8.01-380(B), which governs issues relating to nonsuits, states in relevant part as follows:

> Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits. The court, in the event additional nonsuits are allowed, may assess costs and reasonable attorneys' fees against the nonsuiting party.

Va. Code § 8.01-380(B) (2004).

Plaintiffs contend that the Supreme Court of Virginia's decision in *Brake v. Payne*, interpreting § 8.01-380(B) is dispositive of the issue before this court. *Brake v. Payne*, 268 Va. 92, 597 S.E.2d 59 (2004). The court disagrees. In *Brake*, the Supreme Court of Virginia addressed the right of a plaintiff to suffer a nonsuit when a prior nonsuit to the same cause of action and against the same party defendant had been granted to a different party plaintiff. *Id*. In *Brake*, Guadalupe Sias, the mother of Eduardo Calzada, filed a motion for judgment (The First Suit) on behalf of her deceased son against an officer of the City of Charlottesville Police Department for assault and battery and false imprisonment stemming from an arrest of Calzada. *Id*. at 95, 597 S.E.2d at 60. The police officer demurred, asserting that the action at issue should have been brought by the executor or administrator of the deceased's estate rather than by his mother, as the decedent's mother lacked standing to sue. *Id*. at 95, 597 S.E.2d at 61. The demurrer was sustained with leave to amend. *Id*. Rather than amend, however, Sias elected to suffer a voluntary nonsuit.

Payne, the personal representative of the estate, subsequently filed a motion for judgment (The Second Suit) against the same police officer and other defendants. Payne ultimately sought to nonsuit The Second Suit and defendants objected. *Id.* at 96, 597 S.E.2d at 61. The circuit court concluded that The Second Suit "was `a separate and distinct cause of action or claim' from [The First Suit] and that Payne's request for a nonsuit was thus a request for `a first nonsuit and not a second nonsuit'." *Id.* at 97, 597 S.E.2d at 62. As a result, the circuit court granted Payne's nonsuit and the defendants appealed.

On appeal, Payne argued that Sias was solely a beneficiary under the wrongful death statute, that the personal representative was the only party authorized to sue on behalf of the estate, and that Sias' nonsuit, therefore, could not prejudice the administrator's right to a later nonsuit. *Id.* Under the facts presented in *Brake*, the Supreme Court affirmed the grant of the nonsuit, holding that because Sias and Payne were not "substantially the same parties" in interest, Sias's prior nonsuit could not prejudice Payne's right to a nonsuit of right. *Id.* at 100, 597 S.E.2d at 63. The *Brake* Court held that a prior nonsuit of a cause of action will preclude a later nonsuit of right only if the first and second parties plaintiff are "substantially the same parties" in interest. *Id.* "Since Sias [as a beneficiary under § 8.01-53] did not have standing to bring the wrongful death action, she was not suing in the same right as Payne [as the personal representative under § 8.01-50] in [The Second Suit]," and the nonsuit of right by Payne was, therefore, proper. *Id.*

Consequently, this court must determine whether Justin, in The First Action is substantially the same party in interest as Justin, by his next friend, in The Second Action. In *McDaniel v. North Carolina Pulp Co.*, the Supreme Court of Virginia considered whether parties plaintiff are "substantially the same, suing in the same right," in the related context of the tolling of a statute of limitations by the filing of an initial suit by one person on behalf of the true party in interest. *McDaniel v. North Carolina Pulp Co.*, 198 Va. 612, 616-17, 95 S.E.2d 201, 205 (1956). In *McDaniel*, John McDaniel (McDaniel), the father of a decedent car accident victim, filed a wrongful death suit in Virginia. *Id.* at 613, 95 S.E.2d at 202. At the time he filed suit, McDaniel was qualified as the decedent's personal representative in Nevada, but not in Virginia. *Id.* Four months after the defendants succeeded in a summary judgment motion based upon McDaniel's lack of standing to sue in Virginia on behalf of the estate, McDaniel filed a subsequent wrongful death suit in Virginia in which he was joined by Mary Persinger, the qualified Virginia personal representative. *Id.* The trial court dismissed the second suit ruling that the statute of limitations had not been tolled by the filing of the initial suit and therefore the applicable statute of limitations had expired. *Id.* The Supreme Court of Virginia reversed, holding

that McDaniel was the real party in interest whose original filing had, in fact, tolled the statute of limitations because he had qualified as the decedent's personal representative in Nevada. *Id.* at 617, 95 S.E.2d at 207.

The *McDaniel* court reasoned that, for the statute of limitations to be tolled by the filing of a motion for judgment later dismissed without prejudice, it is not necessary that the second suit "be a literal copy of the first, or that the same form of action should be adopted; nor is it essential that the legal theory or ultimate remedy of the two actions be identical." *Id.* at 616-17, 95 S.E.2d at 205. Further, the Court concluded that the parties plaintiff need not be identical in the two cases provided that they were *"substantially the same, suing in the same right. . . ." Id.* at 617, 95 S.E.2d at 205 (quoting 54 C.J.S., *Limitations on Actions*, § 293, p. 362) (emphasis added). Finding that McDaniel was, at all times, "the real party in interest, not a mere figurehead *or simply a formal party,"* the Court held that the statute of limitations had been tolled by the filing of The First Suit and that the trial court had, therefore, erred in dismissing The Second Suit. *Id.* (emphasis added).

As the Supreme Court later recognized in *Brake,* John McDaniel, the Nevada administrator, was the " 'real party in interest' because he, along with the administratrix in Virginia 'were substantially the same plaintiff as the plaintiff in [The First Suit], *suing in the same right'." Brake,* 268 Va. at 99, 597 S.E.2d at 63 (emphasis added). In *Fowler v. Winchester Medical Center, Inc.,* as in *Brake,* the Supreme Court of Virginia affirmed a trial court's finding that the decedent's wife, Rebecca Fowler, was not the real party in interest as she had not qualified as a personal representative anywhere at the time of the filing of the original wrongful death claim; therefore, her filing of a suit could not toll the running of the statute of limitations. *Fowler v. Winchester Medical Center, Inc.,* 266 Va. 131, 136, 580 S.E.2d 816, 818 (2003). In *Brake,* The Supreme Court found that Sias, like Fowler, "was not qualified as the personal representative of [the] estate in Virginia or any other state when she filed [The First Suit]. Thus, she could not have filed a new suit as a qualified personal representative and claimed that she was 'substantially the same party'." *Brake,* 268 Va. at 99, 597 S.E.2d at 63. Ultimately, this court must determine whether in The Second Action Justin Halatyn, by his next friend, is suing in the same right as the Plaintiff, Justin sued in The First Action.

B. *Status of Minor Plaintiff as Real Party in Interest*

Under Virginia Code § 8.01-8, "any minor entitled to sue may do so by his next friend. Either or both parents may sue on behalf of a minor as his next friend." Va. Code § 8.01-8. The Supreme Court of Virginia has, however,

explicitly established that the minor is the real party in interest in claims brought through his or her next friend. Indeed, the Court has interpreted § 8.01-8 as requiring that a suit be brought in an infant's name, by his next friend, and not in the name of his or her next friend on behalf of the minor because "the infant and not the next friend must be the real party plaintiff." *Herndon v. St. Mary's Hosp., Inc.*, 266 Va. 472, 476, 587 S.E.2d 567, 570 (2003) (internal citations omitted). As the Supreme Court recognized in *Herndon*:

> the reason underlying this established rule is that the minor child, not the next friend, is the real party in interest in such an action. . . . If the action is brought "in the name of the next friend on 'behalf of the infant' it cannot be maintained. No party, infant or adult, may sue by deputy."

*Id.*

In the instant case, the sole reason for the necessity of the filing of The Second Action is that Virginia law requires that minors sue through the legal fiction of their next friend. Here, as in *Herndon*, Justin Halatyn has been the real party in interest as to the relevant counts in both The First and Second Actions, as he would be the sole beneficiary of all damages awarded to the plaintiffs arising from those counts in both suits. The need to add Thomas V. Halatyn, father and next friend, as a titular party was simply to add the "figurehead" or "formal party" that the Supreme Court held in *McDaniel* was necessary, but the addition of which did not change the true party in interest. As the *McDaniel* Court aptly reasoned in finding that the parties plaintiff in that case were substantially the same: "whatever the name of the plaintiff, the real party in interest remained the same; the suit was instituted in the same right; and the cause of action was the same." *McDaniel*, 198 Va. at 619, 95 S.E.2d at 206.

Further, here, as in *McDaniel*, Justin's parents could have been named, at all times, next friend in an action on his behalf. In reality, the parties plaintiff in these actions are not only substantially the same parties, they are the same and sole real party in interest, Justin Halatyn. Hence, the decision in *Brake*, where the parties plaintiff were different and sued in different rights, is readily distinguishable.

In The First Action, Justin, through his counsel, elected to suffer a voluntary nonsuit when The First Action could have been dismissed without prejudice for failure to comply with Virginia Code § 8.01-8. Now, Justin, by his titular next friend and through one and the same counsel, seeks to suffer a second nonsuit to the same causes of action against the identical defendants. Because Justin has already taken one nonsuit of right as to these causes of action

against these parties defendant, he is not entitled to a second nonsuit of right pursuant to § 8.01-380(B).

As a result of the ruling in this matter this court need not address Defendants' additional argument that, under the language of § 8.01-380 and the Supreme Court of Virginia's holding in *Brake v. Payne*, only one nonsuit of right may be suffered as to a party defendant to causes of action arising out of a single transaction or occurrence.

### Conclusion

A suit by Justin Halatyn through his father and next friend is an action by "substantially the same party" in interest as a suit by Justin Halatyn in his own name. As Justin Halatyn has already availed himself of his statutory right to one voluntary nonsuit, he is not entitled to a second nonsuit of right. This Judge was not asked by Plaintiffs to grant, in its discretion, a second nonsuit pursuant to § 8.01-380(B). Accordingly, this Judge expresses no opinion as to whether the grant of a second nonsuit would be appropriate. Accordingly, for the reasons set out in this letter opinion, Plaintiffs' Motion for Nonsuit of Right is denied.