PRESENT:  All the Justices

JOHNSTON MEMORIAL HOSPITAL, ET AL.

                                        OPINION BY
v.          Record No. 081038      JUSTICE CYNTHIA D. KINSER
                                      February 27, 2009
WANDA BAZEMORE, ADMINISTRATRIX
OF THE ESTATE OF DAVID GRAY BAZEMORE, DECEASED

                FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
                        C. Randall Lowe, Judge

     In this wrongful death action, the sole issue is whether a

plaintiff claiming to be the administratrix of a decedent's

estate, but who filed the action prior to qualifying as such, is

entitled to a nonsuit as a matter of right under Code § 8.01-

380.  Because the plaintiff was not a legal entity at the time

she filed the action and therefore lacked standing to do so, the

action is a nullity.  Accordingly, no valid action was pending

that could be nonsuited.  We will therefore reverse the circuit

court's judgment granting a nonsuit and denying the defendants'

motions to abate.[1]

                I. RELEVANT FACTS AND PROCEEDINGS[2]

     David Gray Bazemore (decedent) died on March 14, 2005,

while hospitalized at Johnston Memorial Hospital (the Hospital).

_____

     [1] Pursuant to Code § 8.01-276, the General Assembly
abolished "pleas in abatement."  In this opinion, we will
nevertheless refer to the pleading as a motion to abate since
that is the caption used by the defendants.

     [2] Because the circuit court decided this case on written
motions without an evidentiary hearing, we will summarize the
facts as alleged in the pleadings.  See Parker-Smith v. Sto
Corp., 262 Va. 432, 435, 551 S.E.2d 615, 616 (2001).

On March 9, 2007, a complaint was filed in the circuit court, naming as the plaintiff "Wanda Bazemore, Administratrix for the Estate of David Gray Bazemore, Deceased." Wanda Bazemore, the decedent's wife, had not, however, qualified as administratrix of her husband's estate when she filed the complaint, naming as defendants the Hospital, Martin Monahan, M.D., and William Baker, M.D.

In the complaint, Bazemore alleged that Dr. Monahan and Dr. Baker were negligent in their care and treatment of the decedent and that their negligence was a proximate cause of the decedent's injuries and death. Bazemore further claimed that the Hospital was not only vicariously liable for the doctors' alleged negligence but also directly negligent for failing to institute necessary procedures and protocols to ensure the decedent received appropriate medical care. Finally, Bazemore alleged the defendants committed an assault and battery on the decedent's person.

Each defendant filed a motion to abate the action and strike it from the docket. Relying on Code § 8.01-50(B), which states, "Every [wrongful death action] shall be brought by and in the name of the personal representative of such deceased person within the time limits," they claimed Bazemore had never qualified as the personal representative of the decedent's estate and she, therefore, lacked standing to file the action.

2

Thus, according to the defendants, the action was a nullity and should be dismissed with prejudice.

Wanda Bazemore qualified as administratrix of the decedent's estate on August 22, 2007. She subsequently filed a motion to nonsuit the action. After a hearing on the parties' respective motions, the circuit court granted Bazemore's motion to nonsuit and denied the defendants' motions to abate the action.

In a letter opinion, the circuit court concluded that Code § 8.01-380 required the court to grant the nonsuit as a matter of right. Quoting the decision in Nash v. Jewell, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984), the circuit court stated that a " '[p]laintiff has an absolute right to one non-suit. The election is his and if he insists upon taking the non-suit within the limitations imposed by the statute, neither the trial court nor opposing counsel can prevent him from doing so.' " The court further stated that since Bazemore exercised the right to a nonsuit, it could not consider the issues raised in the motions to abate.

On appeal, the defendants assign error to the circuit court's denying the motions to abate and granting Bazemore's motion to nonsuit. They claim Bazemore lacked standing to file the action because she was not the decedent's qualified personal representative, thereby rendering the action a nullity. Because

the assigned error presents only a question of law, we will review the circuit court's ruling de novo.  Sheets v. Castle, 263 Va. 407, 410, 559 S.E.2d 616, 618 (2002).

## II. ANALYSIS

A wrongful death action may only "be brought by and in the name of the personal representative of such deceased person." Code § 8.01-50(B).  The action "is a right of action to enforce a cause of action, both created by statute in derogation of the common law."  Horn v. Abernathy, 231 Va. 228, 237, 343 S.E.2d 318, 323 (1986) (citations omitted).  A wrongful death action is not an action "personal to the personal representative"; rather, the personal representative, as plaintiff, "is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53."  Id.; accord Kone v. Wilson, 272 Va. 59, 62, 630 S.E.2d 744, 746 (2006); Wilson v. Whittaker, 207 Va. 1032, 1036, 154 S.E.2d 124, 127-28 (1967).

Citing the decisions in Harmon v. Sadjadi, 273 Va. 184, 639 S.E.2d 294 (2007), Braddock, L.C. v. Board of Supervisors of Loudoun County, 268 Va. 420, 601 S.E.2d 552 (2004), Brake v. Payne, 268 Va. 92, 597 S.E.2d 59 (2004), and Fowler v. Winchester Medical Center, Inc., 266 Va. 131, 580 S.E.2d 816 (2003), the defendants argue that because Bazemore failed to qualify as administratrix of the decedent's estate prior to filing the wrongful death action, she lacked standing to do so.

4

Thus, the defendants assert the action is a nullity. Based on our decision in <u>Nerri v. Adu-Gyamfi</u>, 270 Va. 28, 613 S.E.2d 429 (2005), the defendants contend the action cannot be nonsuited since it was a nullity.

In <u>Fowler</u>, as in this case, the plaintiff incorrectly characterized herself as the personal representative of the decedent's estate. 266 Va. at 134, 580 S.E.2d at 817. The plaintiff there also conceded she lacked standing to file a wrongful death action. <u>Id.</u> at 133, 580 S.E.2d at 817. Rejecting the argument that she was, nevertheless, a "real party in interest," we held that, because she lacked standing, her filing of the action did not toll the statute of limitations. <u>Id.</u> at 134-36, 580 S.E.2d at 817-18. In other words, the action had no legal effect.

More recently in <u>Harmon</u>, we specifically stated, "Our jurisprudence is clear that when a party without standing brings a legal action, the action so instituted is, in effect, a legal nullity." 273 Va. at 193, 639 S.E.2d at 299. There, a decedent's surviving spouse qualified as the personal representative of the decedent's estate in West Virginia and then filed a motion for judgment in Virginia, acting in her capacity as the personal representative qualified in West Virginia. <u>Id.</u> at 187, 639 S.E.2d at 295. She had not, however, qualified as the decedent's personal representative in Virginia

5

at that time.  Id.  The personal representative nonsuited the action, qualified as the personal representative in Virginia after the administration of the decedent's estate in West Virginia was closed, and filed a second motion for judgment in her capacity as the personal representative qualified in Virginia.  Id.  The Court held that the surviving spouse, "as a foreign personal representative not qualified in Virginia, had no legal standing to file the [first] motion for judgment."  Id. at 198, 639 S.E.2d at 301-02.  Thus, the first "motion for judgment had no legal effect and, as a nullity, could not act to toll the running" of the applicable statute of limitations.  Id. at 198, 639 S.E.2d at 302; accord Braddock, 268 Va. at 426, 601 S.E.2d at 555 (holding that a case brought by a party who lacked standing "was therefore a 'nullity' that could not be resurrected by the addition of parties" after the expiration of the statutory limitation period).

Bazemore concedes that she filed this action as administratrix of the decedent's estate prior to qualifying as such.  Because Bazemore had not qualified as the personal representative of the decedent's estate at the time the action was filed, the named plaintiff in this case, "Wanda Bazemore, Administratrix of the Estate of David Gray Bazemore, Deceased," was not a legal entity at that time.  See Bolling v. D'Amato, 259 Va. 299, 303-04, 526 S.E.2d 257, 259 (2000) (holding that

6

until a personal representative is appointed for a decedent, the decedent's personal estate is without an owner).  Since only the personal representative of a decedent's estate may bring an action for wrongful death, see Code § 8.01-50(B), and the named plaintiff in this action was not a legal entity at the time the action was filed, the complaint had no legal effect, as the named plaintiff lacked legal standing to file the action.  See Harmon, 273 Va. at 198, 639 S.E.2d at 301–02.  The action was therefore a nullity.  Id.

Nonetheless, relying on the decision in Nash, Bazemore contends she had an "unqualified right" to a nonsuit, which she asserts is "designed to provide a remedy to the Plaintiff for technical errors such as misjoinder and lack of standing."  We disagree.

Although Code § 8.01-380(B) grants one nonsuit "as a matter of right," only a validly pending proceeding can be nonsuited. See Nerri, 270 Va. at 31, 613 S.E.2d at 430 (holding that because a "pleading was invalid and had no legal effect[,] no valid proceeding was pending which could be non-suited").  It is correct, as Bazemore points out, that the pleading at issue in Nerri was invalid and without legal effect because it had been signed by an attorney whose license to practice law in the Commonwealth had been administratively suspended by the Virginia State Bar.  Id. at 29, 613 S.E.2d at 430.  The reason why an

7

action is without legal effect, however, is of no consequence. If an action is a nullity, regardless of the reason it is such, then no legal proceeding is pending that can be nonsuited. To hold otherwise could give an action that has no legal effect the benefit of the tolling provision and the six-month period in which to refile a nonsuited action provided in Code § 8.01-229(E)(3).

This conclusion is not inconsistent with the holding in Nash. Unlike the case before us, the action in Nash had been properly filed and was not a nullity or without legal effect. See 227 Va. at 232, 315 S.E.2d at 826. Unquestionably, "a plaintiff has an absolute right to one nonsuit," id. at 237, 315 S.E.2d at 829, but that right presupposes the existence of a validly pending proceeding. See Nerri, 270 Va. at 31, 613 S.E.2d at 430; see also Kone, 272 Va. at 63, 630 S.E.2d at 746 (holding a wrongful death action filed pro se by an administrator of a decedent's estate who was not licensed to practice law in the Commonwealth was invalid and without legal effect, and "in the absence of a valid motion for judgment, there were no pleadings before the court that could have been amended").

Bazemore, however, insists that, in nonsuiting the action, she used the sole remedy available to her and, in doing so, followed the direction of the Court in The Chesapeake House on

8

the Bay, Inc. v. Virginia National Bank, 231 Va. 440, 443, 334 S.E.2d 913, 915 (1986).  The sole issue in Chesapeake House was whether a substitution of parties plaintiff was proper when the original plaintiff had no standing to bring the action.  Id. at 441, 344 S.E.2d at 914.  The Court held that "a new plaintiff may not be substituted for an original plaintiff who lacked standing."  Id. at 442-43, 344 S.E.2d at 915.  The Court then stated that "[s]tatutes relating to misjoinder and nonjoinder are not applicable in such situations, and the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff."  Id. at 443, 344 S.E.2d at 915 (citation omitted); accord Harmon, 273 Va. at 193, 639 S.E.2d at 299; Brake, 268 Va. at 99, 597 S.E.2d at 63; Cook v. Radford Community Hosp., Inc., 260 Va. 443, 451, 536 S.E.2d 906, 910 (2000); Wells v. Lorcom House Condominiums' Council of Co-Owners, 237 Va. 247, 253, 377 S.E.2d 381, 385 (1989).  Neither Chesapeake House, Harmon, Brake, Cook, nor Wells involved the issue before us today.  No party in those cases questioned whether a legal proceeding that is a nullity can nevertheless be nonsuited.  However, when the issue was squarely presented in Nerri, we clearly held that a proceeding that has no legal effect, i.e., one that is a nullity, cannot be nonsuited.  270 Va. at 31, 613 S.E.2d at 430.  Thus, the language in Chesapeake House and other cases upon

which Bazemore relies is not controlling.[3]

### III. CONCLUSION

Subsection B of Code § 8.01-50 vests the right of action for wrongful death in a decedent's personal representative. Kone, 272 Va. at 62, 630 S.E.2d at 746. Since Wanda Bazemore had not qualified as the personal representative of her husband's estate when this wrongful death action was filed, the named plaintiff, which was not a legal entity at that time, lacked standing to file the action. The action is therefore a nullity and cannot be nonsuited. Thus, we will reverse the circuit court's judgment granting a nonsuit and denying the defendants' motions to abate, and dismiss the action with prejudice.

Reversed and dismissed.

---

[3] Bazemore also argues the issue at bar was previously addressed in Douglas v. Chesterfield County Police Department, 251 Va. 363, 467 S.E.2d 474 (1996). As the defendants correctly note, the question decided in Douglas concerned the inability of a plaintiff to "relate back" her qualification as a personal representative of a decedent's estate to the original date of the filing of the action. 251 Va. at 365-66, 467 S.E.2d at 475-76. Thus, Douglas is inapposite.

10