## CIRCUIT COURT OF THE CITY OF RICHMOND

Dorothy B. Armstrong

v.

NEWVA Enterprises et al.

April 4, 1991

Case No. LR-2414-4

By JUDGE RANDALL G. JOHNSON

This is a claim for personal injuries which plaintiff allegedly suffered in September, 1988, when ceiling plaster in her kitchen collapsed and struck her. At the time of the accident, plaintiff was a tenant in the subject premises. Named as defendants are NEWVA Enterprises, a Virginia limited partnership and owner of the premises, Roger J. McDonald and John J. Hessian as general partners of NEWVA, Roger J. McDonald as a limited partner of NEWVA, and Atlantic Beacon Co. Realty Management, Inc., the managing agent of the premises. The case is presently before the court on defendant Roger J. McDonald's demurrer to plaintiff's second amended motion for judgment. At issue is the meaning of the term "natural person" in the Virginia Residential Landlord and Tenant Act, Va. Code § 55-248.2 *et seq.* ("the Act").

Plaintiff's second amended motion for judgment alleges that defendants are subject to the duties imposed under the Act. At oral argument on McDonald's demurrer, however, McDonald's counsel submitted his client's affidavit which states that at the time of plaintiff's accident, NEWVA did not own more than ten single-family residences, nor any condominium units. Such facts are significant, since Va. Code § 55-248.5(10) exempts from the Act's coverage:

[O]ccupancy in single-family residences where the owner(s) are natural persons or their estates

who own in their own name no more than ten single-family residences subject to a rental agreement; or in the case of condominium units, no more than four.

The question which the court must now decide is whether NEWVA is a "natural person."[1]

Prior to 1990, no definition of "natural person" was contained in the Act. The Act now provides, however, that:

> "*Natural person*," wherever the chapter refers to an owner as a "natural person," includes co-owners either as tenants in common, joint tenants, tenants in partnership, tenants by the entirety, trustees or beneficiaries of a trust, *or any lawful combination of natural persons permitted by law* . . . .

Va. Code § 55-248.4 (second emphasis added).

Clearly, a partnership is a "lawful combination of natural persons permitted by law." The court concludes, then, that the exemption set out in § 55-248.5(10) now applies to single-family residences owned by a partnership, so long as such partnership is made up of natural persons, and so long as the other factors in that exemption are present. This conclusion, however, does not resolve the issue at hand. Since the statutory definition of "natural person" was not enacted until 1990, and since plaintiff's accident occurred in 1988, the statutory definition is not controlling.

It is well-settled that vested rights are not affected by subsequent statutory amendments unless the legislature clearly states otherwise:

> [R]ights accrued, claims arising, proceedings instituted, orders made under the former law,

---

[1] In light of the allegation in plaintiff's second amended motion for judgment that NEWVA is subject to the Act, a demurrer is inappropriate. Since counsel have agreed, however, that the facts set out in McDonald's affidavit are correct, the court will treat the demurrer as a motion for summary judgment.

> or judgments rendered before the passage of an amended statute will not be affected by it but will be governed by the original statute, unless a contrary intention is expressed in the later statute.

*Gloucester Realty Corp. v. Guthrie*, 182 Va. 869, 873, 30 S.E.2d 686 (1944) (*quoting Ferguson v. Ferguson*, 169 Va. 77, 192 S.E. 774 (1937)).[2]

Here, plaintiff's cause of action, if any, accrued in September, 1988, prior to the enactment of the statutory definition of "natural person." Any rights arising out of that cause of action were already vested. In enacting the subject definition, the legislature expressed no intent to make it apply to causes of action and vested rights which accrued prior to enactment. Accordingly, the court holds that the question of whether or not NEWVA is a "natural person" for purposes of the present action must be determined without regard to the statutory definition enacted in 1990. The court holds that NEWVA is not a "natural person."

The court believes that unless otherwise defined by statute, the term "natural person" means just that -- a *natural* person. Indeed, in defining the word "person," Black's Law Dictionary 1028 (5th ed. 1979) states:

> *Person.* In general usage, a human being (i.e., natural person), though by statute term may include a firm, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers.

Moreover, while the court (and apparently counsel) have been unable to find any case which says that the term "natural person" does or does not include partnerships, there are a considerable number of cases which lead to the inescapable conclusion that partnerships are not included in that term. For example, in *Sattler v. Holliday*,

---

[2] Of course, even such an expression of intent by the legislature may not legitimize some amendments in light of the prohibition against ex post facto laws contained in Article I, Sections 9 and 10, of the Constitution of the United States.

318 S.E.2d 50 (W. Va. 1984), the Supreme Court of Appeals of West Virginia cited W. Va. Code § 29B-1-2(2) which provides that " 'Person' includes any natural person, corporation, partnership, firm or association." 318 S.E.2d at 51, n. 3. Similarly, in *Lesar v. U.S. Dept. of Justice*, 636 F.2d 472 (D.C. Cir. 1980), the court noted that "[i]n legal terminology the word "person" often includes not only natural persons but various entities such as corporations and partnerships." 636 F.2d at 490. To the same effect is *Bancroft Convertible Fund v. Zico Inv. Holdings*, 825 F.2d 731 (3rd Cir. 1987), which, after noting that 15 U.S.C. § 80a-2(a)(8) defines the word "company" as "a corporation, a partnership, an association, a joint-stock company, a trust, a fund, or any organized group of persons whether incorporated or not . . ." further noted that 15 U.S.C. § 80a-2(A)(28) defines "person" as "a natural person or a company."

In *Alabama Electric Cooperative, Inc. v. First Nat'l Bank of Akron, Ohio*, 684 F.2d 789 (11th Cir. 1982), the court referred to a Florida statute which defines "person" as "any natural person, firm, association, corporation, business trust, partnership, federal agency, state or political subdivision or agency thereof, or any body politic . . . ." 684 F.2d at 792. And in *USA Oil Corporation v. City of Lipscomb*, 293 Ala. 103, 300 S.2d 362 (1974), the court quoted from a city ordinance requiring certain wholesale distributors and sellers to file with the city certain written statements, including a statement of "whether or not such wholesale distributor or seller is a natural person, a corporation, a partnership or association, and if not a natural person, the names of the persons composing the partnership, corporation or association . . . ." 300 S.2d at 363.

The common thread running through each of the above cases is the recognition of a difference between a "natural person" and a partnership. By citing statutes which specifically allow partnerships to enjoy the same status as "natural persons," and by referring to a requirement that an entity state whether it is a "natural person" *or* some other entity such as a partnership, these cases clearly confirm what this court feels is a matter of common sense and common knowledge; that is, that a "*natural* person" is a person produced by nature -- a human being. It is

356

not an entity created by law. Partnerships are legal entities. They are not natural ones. Defendant McDonald's demurrer is overruled.[3]

[3] While counsel made no argument on any issue other than the one addressed in this decision, summary judgment is inappropriate for another reason as well. The second amended motion for judgment alleges that defendants had knowledge of the defective ceiling prior to the accident. Such fact, if proved, might render defendants liable even in the absence of any duty imposed by the Virginia Residential Landlord and Tenant Act. See, e.g., Caudill v. Gibson Fuel Co., 185 Va. 233, 239-40, 38 S.E.2d 465 (1946) ("[I]n the absence of concealment or fraud by the landlord as to some defect in the premises, known to him and unknown to the tenant, the tenant . . . assum[es] all risk of personal injury from defects therein.").

Plaintiff must be given an opportunity to show that the landlord was guilty of such concealment here.