Present:  All the Justices

CORINNE GRIMES

                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 002536               September 14, 2001

RONALD SUZUKAWA

              FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                        J. Peyton Farmer, Judge

     In this appeal, we consider whether a plaintiff, who

filed an action alleging intentional torts against a defendant

was entitled to rely upon the tolling provision contained in

Code § 8.01-229(D).

     Plaintiff, Corinne Gruber Grimes, filed her motion for

judgment against the defendant, Ronald Suzukawa, on May 12,

2000.  She alleged the following.  On September 27, 1992, the

plaintiff was threatened and sexually assaulted by the

defendant, "who had broken and entered into her apartment at

approximately 2:45 a.m."  The defendant covered his face with

a mask, entered the plaintiff's bedroom, and threatened to

hurt her if she screamed.  The defendant bound the plaintiff's

hands with a cord and sexually molested her.

     The plaintiff alleged causes of action against the

defendant for sexual assault and battery, intentional

infliction of emotional distress, trespass, false

imprisonment, and assault and battery.  The plaintiff sought

compensatory and punitive damages for her alleged injuries.

The defendant filed a responsive pleading and a plea in bar. He asserted in his pleadings that the plaintiff's causes of action arose on September 27, 1992, and that her actions were barred by the applicable statutes of limitations.

The plaintiff filed a memorandum in response to the defendant's plea in bar and asserted that her claims were tolled by Code § 8.01-229(D), which states in relevant part:

> "When the filing of an action is obstructed by a defendant's . . . (ii) using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought."

The plaintiff argued that she "had no way of knowing her assailant's identity until 16 July 1999 when [d]efendant confessed his crimes to the police [and, therefore,] she could not until then bring an action to redress the injuries that [d]efendant had deliberately inflicted upon her."

The litigants did not submit any evidence to the circuit court, which decided the case based on the pleadings, argument, and memoranda of counsel. The circuit court entered an order sustaining the defendant's plea in bar and dismissing the plaintiff's motion for judgment with prejudice. The plaintiff appeals.

On appeal, the plaintiff "concedes that her causes of action arose on 27 September 1992, more than seven years prior

to the filing of her motion for judgment." The plaintiff also concedes that in the absence of an applicable statutory tolling provision, her claims are barred. However, the plaintiff asserts that the defendant deliberately concealed his identity from her when he committed his crimes and he evaded capture by the police for nearly seven years and that these acts tolled the statute of limitations. The defendant responds that the plaintiff failed to establish that his conduct constituted a direct or indirect means to obstruct the filing of the plaintiff's tort actions within the meaning of Code § 8.01-229(D) and, therefore, the circuit court did not err in dismissing the motion for judgment. We agree with the defendant.

A plaintiff who seeks to rely upon the tolling provision in Code § 8.01-229(D) must establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file her action. See Hawks v. DeHart, 206 Va. 810, 814, 146 S.E.2d 187, 190 (1966); Culpeper Nat'l Bank v. Tidewater Improvement Co., 119 Va. 73, 82-84, 89 S.E. 118, 121 (1916); see also Fines v. Kendrick, 219 Va. 1084, 1086-87, 254 S.E.2d 108, 110 (1979).

In this case, the plaintiff presented no evidence that the defendant used any direct or indirect means to obstruct

3

the filing of her motion for judgment.  At best, the plaintiff pled in her motion for judgment that the defendant wore a mask during the commission of his heinous crimes, but his use of the mask was intended to conceal his identity and not to obstruct her filing of an action within the intendment of Code § 8.01-229(D).

Accordingly, we will affirm the judgment of the circuit court.

_Affirmed_.
