# CIRCUIT COURT OF THE CITY OF NORFOLK

Daniel P. McConville

v.

Eileen M. Rhoads,
the Catholic Diocese of Richmond,
and the Convent of Sisters,
Servants of the
Immaculate Heart of Mary

June 8, 2005

Case No. (Law) L04-422

BY JUDGE JOSEPH A. LEAFE

This case comes before the Court on pleas of the statute of limitations on behalf of the Catholic Diocese of Richmond and the Convent of Sisters, Servants of the Immaculate Heart of Mary. The parties have submitted briefs and the Court has heard oral arguments. For the reasons explained below, the Court finds that the statute of limitations has expired as it applies to the Diocese and the Convent.

Plaintiff, Daniel McConville, as a minor, was a parishioner with the Catholic Diocese of Richmond and a student at St. Gregory the Great School, a school operated and supervised by the Diocese and the Convent of the Sisters, Servants of the Immaculate Heart of Mary. As a minor, Plaintiff claims that he was sexually abused and molested by Eileen M. Rhoads. Rhoads was a member of the religious order, the Convent of Sisters, Servants of the Immaculate Heart of Mary, known as Sister Francis Therèse. She was a spiritual and academic teacher during the 1969-70 school year at St. Gregory the Great School. Plaintiff was a student at St. Gregory the Great School at that time. Plaintiff alleges that during and after the school day, in classrooms

at St. Gregory the Great School, Rhoads repeatedly forced Plaintiff to touch her genitals and other parts of her body. Plaintiff also claims that Rhoads repeatedly and offensively touched Plaintiff's body including his genital parts. Plaintiff asserts that he repressed memories of the abuse for many years and it was not until the last two years that it was communicated to him by a licensed physician, psychologist, or clinical psychologist. Plaintiff is now suing Rhoads, the Diocese, and the Convent of Sisters under Virginia Code § 8.01-249(6) for his injuries.

Plaintiff sustained injury due to abuse from Rhoads during the 1969-70 school year. The statute of limitations for personal injuries, regardless of the theory of recovery, is two years from the time when the cause of action accrued. Va. Code Ann. § 8.01-243. The two-year statute of limitations was tolled under Virginia Code § 8.01-229 until Plaintiff reached the age of eighteen on April 8, 1977. Va. Code. Ann. § 8.01-229(A)(1) (Michie 2004) (tolling the running of the statute of limitations until an infant reaches the age of majority).

In 1991, the Virginia General Assembly attempted to retroactively change the accrual date of actions arising from the sexual abuse of minors. The Supreme Court of Virginia found the resulting statute offended the due process guarantees of Article I, § 11, of the Virginia Constitution and struck it down. *Starnes v. Cayouette*, 244 Va. 202, 212, 419 S.E.2d 669, 671 (1992).

In response, an amendment to the Virginia Constitution was proposed and passed by popular referendum in 1994. This amendment was an enabling measure intended to allow the General Assembly to retroactively change the accrual date for certain actions arising from the sexual abuse of minors. The amendment can be found in Article IV, § 14, of the Virginia Constitution.

Article IV, § 14, paragraph 4, of the Virginia Constitution states:

> The General Assembly's power to define the accrual date for a civil action *based on* an intentional tort committed by a *natural person* against a person who, at the time of the intentional tort, was a minor shall include the power to provide for the retroactive application of a change in the accrual date. No *natural person* shall have a constitutionally protected property right to bar a cause of action based on *intentional torts* as described herein on the ground that a change in the accrual date for the action has been applied retroactively or that a statute of limitations or statute of repose has expired.

Va. Const., art. IV, § 14 (emphasis added).

In 1996, the Virginia legislature enacted Virginia Code § 8.01-249(6). The Code reads:

> In actions for injury to the person, whatever the theory of recovery, resulting from sexual abuse occurring during the infancy or incapacity of the person, upon removal of the disability of infancy or incapacity as provided in § 8.01-229 or, if the fact of the injury and its causal connection to the sexual abuse is not then known, when the fact of the injury and its causal connection to the sexual abuse is first communicated to the person by a licensed physician, psychologist, or clinical psychologist. As used in this subdivision, "sexual abuse" means sexual abuse as defined in subdivision 6 of § 18.2-67.10 and acts constituting rape, sodomy, object sexual penetration or sexual battery, as defined in Article 7 (§ 18.2-61 et seq.) of Chapter 4 of Title 18.2.

Va. Code Ann. § 8.01-249(6) (Michie 2004).

Defendants, the Diocese and the Convent assert that Plaintiff did not file this action against them until twenty-five years after the expiration of the applicable statute of limitations. They argue that the statute of limitations is only tolled against "natural persons," and they are not natural persons.

Article IV, § 14, paragraph 4, of the Virginia Constitution uses the phrase "natural person" twice. Virginia follows the rule that "the words of a constitution are to be understood in the sense in which they are popularly employed," and "every word employed in the Constitution is to be expounded in its plain, obvious, and common sense meaning, unless the context furnishes some ground to control, qualify, or enlarge it." *Quesinberry v. Hull*, 159 Va. 270, 274-75, 165 S.E. 382, 383 (1932). A "natural person" is defined as "a person produced by nature – a human being." *Armstrong v. NEWVA Enterprises*, 23 Va. Cir. 352, 355 (1991) (involving Virginia Residential Landlord and Tenant Act). According to this definition, the Diocese and Convent of Sisters are not natural persons.

Even though Virginia Code § 8.01-249(6) does not include the phrase natural person, the statute should be construed in light of the enabling constitutional amendment, Article IV, § 14, paragraph 4. "No act of the legislature . . . should be so construed as to bring it into conflict with constitutional provisions." *Dean v. Paolicelli*, 194 Va. 219, 227, 72 S.E.2d 506, 511 (1952). The reasonable interpretation of the language in the statute based on the enabling amendment is that it only pertains to individuals. In addition, statues in derogation of the common law are to be narrowly

construed. *Hyman v. Glover*, 232 Va. 140, 143, 348 S.E.2d 269, 271 (1986). A narrow construction of the statute is that it only applies to natural persons.

The Virginia General Assembly would not have used the phrase "natural person" twice in the enabling amendment to the constitution if it did not intend to restrict the application of the tolling of the statute of limitations to natural persons. The Court finds that the statute of limitations has run on Plaintiff's ability to directly sue the Diocese and the Convent of Sisters.

Plaintiff argues that, even if the Court finds that Article IV, § 14, paragraph 4, does not allow the General Assembly to extend the accrual date for a direct cause of action against fictitious entities like the Diocese and the Convent, such a construction does not extend to vicarious liability against those entities. The Court disagrees.

Respondeat superior imposes liability upon a party for the tortious acts of its agents or employees. *McDonald v. Hampton Training School for Nurses*, 254 Va. 79, 81, 486 S.E.2d 299, 300 (1997). With respondeat superior, an employer is liable for the tortious act of his employee if the employee was performing his employer's business, and acting within the scope of his employment. *Kensington Associates v. West*, 234 Va. 430, 432, 362 S.E.2d 900, 901 (1987). The basis of the liability of an employer for the acts of its employee is that one who employs another to do an act for its benefit, and who has the choice of the agent, takes the risk of injury to third parties by the mode or character of the agent's performance. *Drake v. Norfolk Steam Laundry Corp.*, 135 Va. 354, 360, 116 S.E. 668, 670 (1923).

Plaintiff's vicarious liability argument relies heavily on the Minnesota case of *D.M.S. v. Barber*, 645 N.W.2d 383 (2002). In *Barber*, D.M.S. brought suit against a foster parent and the foster care placement agency for sexual abuse suffered while in their care. *Id.* at 385-86. The court in *Barber* found that D.M.S.' respondeat superior claim against the foster care placement agency was not barred by the statute of limitations, because the respondeat superior claims were governed by the statute of limitations as applied with the delayed discovery statute. *Id.* at 391. Even though the statute did not address respondeat superior claims, the court noted that "respondeat superior claims are treated the same as causes of action against the employee who committed the tort," and consequently the delayed discovery statute applied to the respondeat superior claim. *Id.* The *Barber* case can be distinguished from the case at bar because the Minnesota delayed discovery statute does not use the limiting phrase "natural person" as used in the Virginia constitutional amendment, the enabling amendment for the Virginia delayed discovery statute.

Generally, "at common law, the liabilities of principals and agents are coterminous." *Schwartz v. Brownlee*, 253 Va. 159, 166, 482 S.E.2d 827, 831 (1997). The General Assembly may abrogate the common law by statute where the intent is plainly manifested. *Id.* In *Schwartz*, a patient brought a medical malpractice claim against the doctor who treated him and against the corporation where the doctor was the president and sole shareholder. *Schwartz*, 253 Va. at 161, 482 S.E.2d at 828. The jury found against the doctor and the corporation. *Id.* The trial court ordered remittitur to the verdict against the doctor to the $1 million statutory cap, but refused to do so for the corporation because it was not a licensed health care professional as defined by the statute. *Id.* The corporation argued that it was entitled to the statutory cap because any liability it had for medical malpractice derived from respondeat superior. *Schwartz*, 253 Va. at 166, 482 S.E.2d at 831. The Supreme Court of Virginia in *Schwartz* found that the General Assembly had abrogated the common law by making the medical malpractice cap applicable to only licensed health care providers, and denied this protection to non-health care providers. *Id.*

In this case, as in *Schwartz*, the General Assembly abrogated the common law when it chose to make a statutory distinction between natural persons and non-natural persons in the amendment to Article IV, § 14, of the Virginia Constitution. When applying Virginia Code § 8.01-249(6), the Court finds that the change of accrual date applies only to natural persons when being sued either directly or under the doctrine of respondeat superior.

Plaintiff also asserts that the Diocese and the Convent are estopped from arguing the statute of limitations in this case. The doctrine of estoppel can be invoked to defeat the running of the statute of limitations. *American Mutual Liability Ins. Co. v. Hamilton*, 145 Va. 391, 407-08, 135 S.E. 21, 25 (1926). Plaintiff argues that the statute of limitations as it applies to the Diocese and the Convent was tolled separately from what is allowed under Virginia Code § 8.01-249(6) and Article IV, § 14, of the Virginia Constitution because of fraudulent concealment.

Plaintiff interprets Virginia Code § 8.01-229(D) to mean that Defendants' fraudulent concealment of Rhoads actions and their failure to address its ramifications tolls the statute of limitations against them. A plaintiff who seeks to rely upon the tolling provision in Virginia Code § 8.01-229(D) must establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file his action. *Grimes v. Suzukawa*, 262 Va. 330, 332, 551 S.E.2d 644, 646 (2001).

A party cannot claim an estoppel unless he has been misled to his injury by relying upon the conduct of the other party. *American Security & Trust Co. v. Juliano, Inc.*, 203 Va. 827, 834, 127 S.E.2d 348, 353 (1962). To constitute an estoppel by conduct, the misrepresentation must be plain, not doubtful, or a matter of mere inference. *Id.* There must be actual conduct calculated to impress upon the mind of another a belief in a certain state of facts. *Id.* The Court finds no facts to support Plaintiff's claim of estoppel in this case.