Present:  All the Justices

SHARON M. NEWMAN

v.  Record No. 042699  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    September 16, 2005
LEONARD WALKER, JR.

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Herbert C. Gill, Jr., Judge


Pursuant to Code § 8.01-229(D), a statute of limitations is tolled when a defendant uses any direct or indirect means to obstruct the filing of an action.  In this case, we conclude that a defendant's affirmative misrepresentation about his identity at the scene of an automobile accident invokes this statute and tolls the running of the statute of limitations for the ensuing personal injury action if the defendant designed or intended his misrepresentation to obstruct the filing of the action.  Thus, we will reverse the judgment of the circuit court sustaining a plea of the statute of limitations.

RELEVANT FACTS AND PROCEEDINGS

Sharon M. Newman allegedly sustained personal injuries on June 17, 2000 when a truck owned by Hastings Village, Inc. struck the motor vehicle she was operating.  At the scene of the accident, the driver of the Hastings Village truck identified himself to a police officer as Kareem A.

Brooks.  Relying on that information, Newman filed a motion for judgment on June 11, 2002 against Brooks and Hastings Village.  Both defendants filed grounds of defense, admitting that there was an incident involving the specified vehicles but denying that Brooks was the driver of the Hastings Village truck.

About a month after the accident, the liability insurance carrier for Hastings Village contacted Hastings Village about the accident and reported that Brooks was driving the company's vehicle.  Hastings Village advised the insurance carrier that it did not employ anyone by the name of Kareem A. Brooks.  Hastings Village then confronted one of its employees named William Walker, Jr., and Walker admitted that he had been driving the Hastings Village truck at the time of the accident.

In September 2003, soon after Newman had answered interrogatories and asked to depose Brooks, she learned for the first time that Brooks was not the driver of the Hastings Village truck.  On October 1, 2003, the attorney for the defendants advised Newman's attorney that an investigator had found out that Walker had stolen Brooks' identification, had taken the Hastings Village truck without permission, and was driving it at the time of the accident.

With this new information, Newman moved to file an amended motion for judgment naming William Walker, Jr., as a defendant and as the driver of the Hastings Village truck.  Brooks and Hastings Village admitted in their grounds of defense to the amended motion for judgment that Walker had identified himself as Brooks at the scene of the accident.  After attempting unsuccessfully to serve process on Walker, Newman discovered that Walker's name was actually Leonard Walker, Jr.  On February 26, 2004, the circuit court permitted Newman to change the name of the defendant-driver from William Walker, Jr., to Leonard Walker, Jr.[1]

Nationwide Mutual Insurance Company, Newman's uninsured motorist carrier, then moved to dismiss the action pursuant to the applicable two-year statute of limitations.  See Code § 8.01-243(A).  Nationwide asserted that Walker was not named as a defendant in the action until January 12, 2004, more than two years after the date of the accident.  Newman responded that, pursuant to the provisions of Code § 8.01-229(D), the statute of limitations was tolled during the period when Walker "falsely and fraudulently identified himself to both the

---

[1] On June 4, 2004, the circuit court granted Newman's request to nonsuit Brooks and Hastings Village, leaving Leonard Walker, Jr. as the sole defendant.

3

plaintiff and the . . . police officer as Kareem Brooks."
Walker's use of false identification in violation of Code
§ 18.2-204.1(B), according to Newman, obstructed her
ability to file this action against the proper defendant.

Relying on Grimes v. Suzukawa, 262 Va. 330, 551 S.E.2d
644 (2001), the circuit court, in a letter opinion,
concluded that Newman "failed [to] present any evidence to
establish that Mr. Walker's conduct constituted a direct or
indirect means to obstruct the filing of [Newman's] tort
action[] within the meaning of Code § 8.01-229(D)." Thus,
the circuit court granted Nationwide's motion to dismiss.
Newman appealed to this Court.

ANALYSIS

The sole issue on appeal is whether Walker's
misrepresentation by using stolen identification at the
scene of the accident was a "direct or indirect means
[used] to obstruct the filing of [this] action," thereby
tolling the statute of limitations.[2]  Code § 8.01-229(D).

---

[2] Amicus curiae in support of Newman urges this Court
to reverse the judgment of the circuit court on the theory
that there was an equitable tolling of the statute of
limitations due to Walker's actions and that Walker is
therefore estopped from asserting the bar of the statute of
limitations.  Newman relied only on the provisions of Code
§ 8.01-229(D) before the circuit court.  Thus, we will not
address the issue of estoppel.  In her opposition to the
plea of the statute of limitations filed in the circuit

4

The provisions of Code § 8.01-229(D) state that "[w]hen the filing of an action is obstructed by a defendant's . . . using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought."

Newman argues that she should receive the benefit of the tolling provision in Code § 8.01-229(D) because she was the victim of Walker's fraudulent misrepresentations about his identity upon which she relied in filing this action. Citing Hawks v. Dehart, 206 Va. 810, 146 S.E.2d 187 (1966), Newman contends that Walker's concealment of relevant facts was the sort of fraud involving moral turpitude sufficient to toll the running of the statute of limitations. Finally, Newman distinguishes this Court's decision in Grimes by arguing, among other things, that Walker's giving false information to the police officer at the scene of the accident, unlike the defendant's wearing a mask in Grimes, was an affirmative misrepresentation about his identity.

In response, Walker contends that our decision in Grimes is controlling. Citing Hawks and Culpeper National Bank v. Tidewater Improvement Co., Inc., 119 Va. 73, 89

---

court, Newman did, however, characterize Walker's conduct
at the scene of the accident as fraudulent.

5

S.E. 118 (1916), Walker argues that, under provisions of Code § 8.01-229(D), a statute of limitations is tolled when a defendant conceals the existence of a cause of action. According to Walker, Newman knew at the time of the accident that she had a cause of action just as the plaintiff in Grimes did when the defendant sexually assaulted her. Like the defendant in Grimes, Walker contends that, although he concealed his identity, he did not do so in order to obstruct Newman's filing of this action. Thus, in Walker's view, the statute of limitations was not tolled.

We do not agree with Walker's argument implying that a statute of limitations is tolled under Code § 8.01-229(D) only when a defendant acts to conceal the existence of a cause of action. See Baker v. Zirkle, 226 Va. 7, 12, 307 S.E.2d 234, 236 (1983) (suggesting that the provisions of Code § 8.01-229(D) apply when a defendant prevents service of process). In Culpeper National Bank, one of the cases cited by Walker, the plaintiff brought an action of assumpsit against a bank and its president to recover the proceeds of a note that had been delivered to the bank to be discounted by it. 119 Va. at 74, 89 S.E. at 118. The bank pled two statutes of limitations. Id. at 75, 89 S.E. at 119. The issue with regard to the plea was whether the

6

bank, "by any indirect way or means, obstructed the prosecution of [the] suit" by participating in some fraudulent act "which kept the plaintiff in ignorance of its rights."[3]  Id. at 82-83, 89 S.E. at 121.  Quoting Foster v. Rison, 58 Va. (17 Gratt.) 321, 345 (1867), we stated that ignorance of the existence of a debt was not sufficient to toll a statute of limitations unless that ignorance came about from the fraud of the defendant. Culpeper Nat'l Bank, 119 Va. at 83, 89 S.E. at 121; accord Jones v. United States Fidelity & Guaranty Co., 165 Va. 349, 360-61, 182 S.E. 560, 564-65 (1935).  In that context, we then explained the kind of concealment that would toll the statute of limitations:

> "Mere silence by the person liable is not concealment, but there must be some affirmative act or representation designed to prevent, and which does prevent, the discovery of the cause of action. Concealment of a cause of action preventing the running of limitations must consist of some trick or artifice preventing inquiry, or calculated to hinder a discovery of the cause of action by the use of ordinary diligence, and mere silence is insufficient. There must be something actually said or done which is directly intended to prevent discovery.  Mere silence

---

[3] The relevant portion of the tolling provision in effect at that time, Code § 2933 (1904), which is a predecessor to Code § 8.01-229(D), stated that "[w]here any such right . . . shall accrue against a person who . . . by any other indirect way or means shall obstruct the prosecution of such right the time that such obstruction may have continued shall not be computed as any part of the time in which the said right might or ought to have been prosecuted."

7

> or concealment by a debtor may not, without affirmative misrepresentation, toll the running of the statute.  Where, however, a debtor by actual fraud keeps his creditor in ignorance of the cause of action, the statute does not begin to run until the creditor had knowledge, or was put upon inquiry with means of knowledge that such cause of action had accrued.  Fraudulent concealment must consist of affirmative acts of misrepresentation, mere silence being insufficient.  The fraud which will relieve the bar of the statute must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action."

Culpeper Nat'l Bank, 119 Va. at 83-84, 89 S.E. at 121 (quoting 2 H.G. Wood, Wood on Limitations 1422 (4th ed. 1916)).

Subsequent to Culpeper National Bank, we decided several more cases involving the question whether a statute of limitations had been tolled because a defendant had concealed a cause of action.  For example, in Hawks, the other case cited by Walker, the plaintiff filed an action against a doctor for damages allegedly caused by the doctor's negligence in leaving a surgical needle in the plaintiff's neck during an operation.  206 Va. at 811, 146 S.E.2d at 187.  The plaintiff alleged that the doctor had "knowingly, actively and negligently conceal[ed] from the plaintiff the fact of the presence of such needle in her neck."  Id. at 814, 146 S.E.2d at 190.  Again explaining the character of fraud necessary to toll the statute of limitations, we stated that it must involve moral turpitude

8

and the "defendant must intend to conceal the discovery of the cause of action by trick or artifice."[4]  Id. (quoting Richmond Redevelopment & Hous. Auth. v. Laburnum Constr. Corp., 195 Va. 827, 840, 80 S.E.2d 574, 582 (1954)).  We concluded that the plaintiff had not established "such trick or artifice or purpose" by the doctor.  Id.; accord Horn v. Abernathy, 231 Va. 228, 234, 343 S.E.2d 318, 321 (1986); Morriss v. White, 146 Va. 553, 570-71, 131 S.E. 835, 840 (1926); see also Mid-Atlantic Bus. Communications, Inc. v. Virginia Dep't of Motor Vehicles, 269 Va. 51, 58, 606 S.E.2d 835, 839 (2005) (defendant's continuing to consider plaintiff's claim and failing to respond to certain letters was not "an affirmative act . . . designed to thwart" the plaintiff's ability to file a lawsuit within the six-month limitations period).

In all these cases, the focus was whether the defendant had used any direct or indirect means to conceal the cause of action, thereby tolling the statute of limitations.  We had no occasion to address Code § 8.01-229(D) or its ancestor statutes in regard to what other

---

[4] When we decided Hawks, the relevant tolling provision was set forth in Code § 8-33 (1957), a predecessor to Code § 8.01-229(D).  In pertinent part, that former section tolled a statute of limitations when a defendant used "any other indirect way or means [to] obstruct the prosecution" of an action.

direct or indirect means would obstruct the filing of an action and thus toll a statute of limitations.

However, we did so in Grimes. There, the issue was not whether the defendant had concealed the cause of action but whether, by wearing a mask when he committed the crimes, he had obstructed the plaintiff's filing an action against him. 262 Va. at 332, 551 S.E.2d at 646. We concluded that the defendant had not done so because the "use of the mask was intended to conceal his identity and not to obstruct [the plaintiff's] filing of an action." Id. Thus, the applicable statute of limitations was not tolled under the provisions of Code § 8.01-229(D). Id. In reaching this decision, we stated that "[a] plaintiff who seeks to rely upon the tolling provision in Code § 8.01-229(D) must establish that the defendant undertook an affirmative act designed or intended, directly or indirectly, to obstruct the plaintiff's right to file her action." Id.

While it is true that Walker's use of stolen identification at the scene of the accident concealed his identity as the wearing of a mask did in Grimes, there is nevertheless an important distinction between the two cases. When Walker gave the police officer stolen identification, he affirmatively misrepresented his

10

identity.  The defendant in Grimes never misrepresented anything about his identity; he merely concealed it with the mask.  In other words, Walker "undertook an affirmative act."  Id.

Although our earlier cases dealt with concealment of the existence of a cause of action, the principles enunciated there are applicable in this case.  Fraudulent concealment, whether of a cause of action or of a defendant's true identity, " 'must consist of affirmative acts of misrepresentation. . . . The fraud which will relieve the bar of the statute must be of that character which involves moral turpitude, and must have the effect of debarring or deterring the plaintiff from his action.' " Culpeper Nat'l Bank, 119 Va. at 83, 89 S.E. at 121 (quoting Wood, supra, at 1422).

Walker's actions at the scene of the accident involved this type of fraud.  Thus, we conclude that the circuit court erred in holding that Walker's conduct did not constitute a direct or indirect means to obstruct Newman's filing of this action.  However, before a final resolution can be made as to whether the applicable statute of limitations barred Newman's action against Walker, the circuit court must make two factual determinations that were not previously necessary to its judgment sustaining

11

the plea of the statute of limitations: (1) whether Walker's use of stolen identification was "designed or intended, directly or indirectly, to obstruct" Newman's filing of this action, <u>Grimes</u>, 262 Va. at 332, 551 S.E.2d at 646; and (2) if so, the period of time such obstruction continued, <u>see</u> Code § 8.01-229(D).

CONCLUSION

For these reasons, we will reverse the judgment of the circuit court and remand this case for further proceedings.

<u>Reversed and remanded</u>.