244

# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Lois Dale Huff,
Administratrix

v.

Commonwealth of Virginia et al.

June 2, 2008

Case No. 02-196

BY JUDGE EDWARD L. HOGSHIRE

In this civil case, Lois Huff filed a complaint ("Compl.")[1] against a number of defendants, including Nurse Marilyn Poling, an employee of the University of Virginia Medical Center, pertaining to the death of Plaintiff's daughter, Sharon Huff ("patient"). Nurse Poling ("Defendant") filed a plea in bar of sovereign immunity and a plea of the statute of limitations. For the reasons articulated below, the Court grants Defendant's plea of the statute of limitations, which obviates the need for a determination of the sovereign immunity issue.

## Statement of Facts

The patient entered the hospital for surgery on September 21, 2000, and the surgery was performed September 22, 2000; patient remained in the hospital through the dates of the events discussed here alleged in Plaintiff's

---

[1] On October 20, 2006, Plaintiff filed a Third Amended Complaint, hereinafter referred to as "complaint."

First Amended Complaint filed November 21, 2003, and admitted by Defendant in her Grounds of Defense filed December 17, 2003. Plaintiff claims that Nurse Poling was responsible for taking the patient's vital signs around 12:30 a.m. on September 26, 2000. Compl. ¶¶ 16, 19. Defendant claims that she did check the patient's vital signs, both because she would have at the beginning of a shift and because she would have followed any orders in the patient's chart, but that the "flow sheet" on which she recorded the patient's vital signs was lost sometime during the emergency situation later that morning. Poling Depo. p. 5-7, attached as Ex. A to Def. Memo. At 2:00 a.m. on September 26, 2000, a code was called because patient's heart rate had dropped precipitously and she was unresponsive. Poling Depo. p. 9, attached as Ex. A to Def. Memo. The patient was eventually removed from life support and died on September 30, 2000. Ex. F to Pl. Memo.

Nurse Poling was deposed on May 16, 2003, based on a "late entry" that she made in the patient's chart at 7:30 a.m. on September 26, 2000. Def. Ex. B, Pl's Mem. Opp. p. 2. Nurse Poling was first named as an individual defendant in Plaintiff's First Amended Motion for Judgment, filed November 21, 2003.

*Analysis*

*Statute of Limitations*

The statute of limitations in this case is two years. Va. Code Ann. § 8.01-244. Both parties agree that Nurse Poling was not named as an individual defendant until well beyond the end of the statute of limitations, which began running no later than September 30, 2000, the date on which life support was terminated. Plaintiff first argues that the statute was tolled by the operation of Virginia Code § 8.01-229(D)(ii), which states in relevant part that, "when the filing of an action is obstructed by a defendant's using any other direct or indirect means to obstruct the filing of an action, then the time that such obstruction has continued shall not be counted as any part of the period within which the action must be brought." Plaintiff argues that the fact that Nurse Poling failed to maintain a record of checking the patient's vital signs prevented the Plaintiff from knowing that Nurse Poling should be named as an individual defendant, and that, since Poling had a duty to keep such a record and failed to, her actions constitute obstruction within the meaning of the statute.

In *Newman v. Walker*, 270 Va. 291 (2005), and *Grimes v. Suzukawa*, 262 Va. 330 (2001), the Virginia Supreme Court has made it clear that "mere concealment" of one's identity is not enough; an affirmative

misrepresentation, made for the purpose of obstructing the plaintiff's knowledge of a cause of action or the identity of the tortfeasor, is required in order to toll the statute of limitations. Thus, *Grimes* held that a rapist who wore a mask in order to conceal his identity did not toll the statute, because that action was not intended to prevent the Plaintiff from filing an action, but only to conceal his identity. 262 Va. at 332. On the other hand, in *Newman*, a driver who gave both the plaintiff and the police a stolen driver's license after an accident did toll the statute by committing an affirmative misrepresentation, which prevented the plaintiff from naming the correct defendant within the statutory period. 270 Va. at 298. The case was then remanded to the circuit court for a factual determination of whether that affirmative misrepresentation was designed or intended to obstruct the plaintiff's filing of the action.

In this case, there is undoubtedly nothing that rises to the level of an affirmative misrepresentation of the identity of the nurse in charge of the patient at the time of the alleged negligence. Even if Nurse Poling purposely did not identify herself in the file (a theory made less probable by the fact that she made a late entry identifying herself in the file several hours later), that is at best a concealment of her identity, which is not sufficient to toll the statute of limitations.

## Equitable Estoppel

Plaintiff also argues that Poling is equitably estopped from raising the defense of the statute of limitations, because Poling's failure to either take the vital signs or to record them created a misrepresentation of the true facts by preventing the patient's chart from containing significant relevant information that would have allowed the Plaintiff to identify Poling as a defendant sooner. However, in order for equitable estoppel to apply, the representation must have been made with the intention that the other party should act upon it. *Boykins Corp. v. Weldon, Inc.*, 221 Va. 81 (1980). In this case, it is clear that Nurse Poling cannot have intended for the Plaintiff to rely on the absence of a notation in the chart, because the chart was not being maintained for the Plaintiff's purposes, but rather for the purposes of other medical personnel in the hospital. Thus, Poling cannot have intended for the Plaintiff to rely on the absence of any information linking Poling to the patient because Poling was not keeping records for the Plaintiff's information.

## *Conclusion*

Because Defendant neither fraudulently misrepresented her identity nor induced reliance sufficient to equitably estop her from asserting the defense of the statute of limitations, the Court grants Defendant's plea of the statute of limitations, leaving no need for a determination of the Defendant's plea of sovereign immunity.