COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Fulton and White

BRIAN BAILEY

v.      Record No. 0678-23-3

ANN BAILEY

MEMORANDUM OPINION* BY
JUDGE MARY BENNETT MALVEAUX
FEBRUARY 11, 2025

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Clark A. Ritchie, Judge

(Steven Shareff, on brief), for appellant. Appellant submitting on brief.

(Laura A. Thornton; Laura A. Thornton, PLC, on brief), for appellee. Appellee submitting on brief.

Brian Bailey ("father") appeals from a custody and visitation order of the circuit court.

He argues the circuit court erred in determining it had jurisdiction to adjudicate the motion to

amend custody and visitation filed by Ann Bailey ("mother"). The parties waived oral argument

in this case. *See* Code § 17.1-403(ii); Rule 5A:28(e). After examining the briefs and record, we

affirm the circuit court's ruling for the following reasons.

## I. BACKGROUND[1]

In July 2017, the Rockingham/Harrisonburg Juvenile and Domestic Relations District

Court ("JDR court") entered a custody and visitation order respecting B., the minor child of

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The record in this case was sealed, but the appeal necessitates unsealing relevant portions of the record to resolve the issues raised by father. Evidence and factual findings below that are necessary to address these issues are included in this opinion. Consequently, "[t]o the extent that this opinion mentions facts found in the sealed record, we unseal only those specific facts, finding them relevant to the decision in this case. The remainder of the previously sealed record remains sealed." *Levick v. MacDougall*, 294 Va. 283, 288 n.1 (2017).

father and mother. Mother later filed a motion to amend the order based on an alleged change of circumstances, and in April 2021, the JDR court entered an order granting mother sole legal and physical custody of B. with visitation rights for father. Father appealed to the circuit court.

Following a de novo trial, the circuit court entered a custody and visitation order on November 5, 2021. The order stated the court's rulings on custody and visitation and also provided that the court would "reserve[] jurisdiction to rule on the issue of attorney's fees" raised by mother. The order also stated that upon mother's motion, "this [c]ourt shall retain jurisdiction herein to rule on future issues regarding [B.'s] custody and visitation."

The circuit court subsequently held a hearing on attorney fees, and on April 26, 2022, it issued an opinion letter awarding mother $4,500. The opinion letter instructed mother's counsel to "prepare the [f]inal [o]rder in this case and circulate it for endorsement prior to entry."

Before circulating the order, mother filed a pair of motions in the circuit court. She first moved the court to "retain jurisdiction to hear newly filed [m]otions relating to custody and visitation . . . in lieu of remanding jurisdiction to the [JDR court]." Mother based her request on "material changes in circumstance [that] have now occurred such that [mother] seeks to modify" the November 5, 2021 custody and visitation order. Her second motion, styled a motion to amend, presented her change in circumstances argument and requested certain changes to the existing custody and visitation provisions. Mother later filed a motion for rule to show cause alleging numerous violations by father of the terms of the November 5, 2021 custody and visitation order.

The circuit court heard argument on the three motions on June 24, 2022. In a July 19, 2022 opinion letter, the court found that it "retain[ed] jurisdiction of the matter as no final order

---

In addition, we use an initial, rather than a name, to protect the privacy of the parties' minor child.

- 2 -

has been entered remanding the matter(s) to the [JDR court]." The court also stated that it would docket for further scheduling "the remaining matters before [it]." The court concluded its opinion letter by stating that while it retained jurisdiction, "it is anticipated that the case will be remanded once these ancillary matters springing of the [c]ourt's initial ruling on the merits are resolved."

On August 17, 2022, the circuit court entered an order awarding attorney fees to mother. That same day, the court entered a second order, which incorporated by reference its July 19, 2022 opinion letter, holding that it retained jurisdiction. Father noted written objections to the jurisdictional order.

Following a trial on mother's motion to amend, the circuit court issued a February 6, 2023 opinion letter finding a material change in circumstances since entry of its custody and visitation order, the terms of which father had "repeatedly, comprehensively, and almost continually violated." Consequently, the court granted certain relief requested by mother while also denying her request to move out of Virginia with B. On the motion for rule to show cause, the court found that mother had proven her allegations against father and that his "willful, intentional and deliberate acts of noncompliance" with the terms of the custody and visitation order had placed him "clearly in contempt." Noting that "[t]his is an aggravated case," the court imposed a 180-day jail sentence that was suspended for 6 months with a review date to be set. The court also noted that "to promote continuity and consistency," it would "refrain from remanding future matters to the [JDR court] until the [s]how [c]ause final disposition is resolved."

The court entered an order on mother's motion to amend on March 23, 2023, incorporating by reference its opinion letter rulings. Father noted written objections to the order. Also on March 23, the court entered a contempt order imposing sentence on father.

This appeal followed.

## II. ANALYSIS

Father argues the circuit court erred in determining it had jurisdiction to rule on mother's motion to amend custody and visitation. In doing so, he raises challenges both to the court's subject matter jurisdiction and its active jurisdiction.[2]

"Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). More particularly, "subject matter jurisdiction . . . is the authority granted through constitution or statute to

---

[2] Mother argues that we cannot consider father's appeal because the record is missing certain transcripts. Based upon our review of the record, we disagree.

The record does not include a transcript of the June 24, 2022 motions hearing. Mother contends that a transcript of that hearing is indispensable to resolution of this appeal, because the circuit court's subsequent opinion letters and orders "do[] not provide a statement of facts capturing the arguments made with regard to the jurisdictional issue." Accordingly, mother argues, father's appeal should be dismissed. *See* Rule 5A:8(b)(4)(ii); *Town of Iron Gate v. Simpson*, 82 Va. App. 38, 49 (2024) (noting that the Rule "precludes . . . review of [an] assignment of error" if the appellant "fail[s] to provide an adequate record" on appeal). Counsel for mother, however, summarized the jurisdictional arguments presented by the parties in a responsive letter to the circuit court following the hearing. Additionally, the court's July 19, 2022 opinion letter, which was incorporated by reference into the court's August 17, 2022 jurisdictional opinion, includes some detail of father's arguments at the hearing. Based on these documents in the record, it is clear that father presented to the circuit court, and thus preserved for appellate review, the arguments he now presents on brief to this Court. We therefore determine that the June 24, 2022 hearing transcript is not indispensable to our consideration of father's assignment of error.

The record also lacks a transcript of the trial on mother's motion to amend. Mother argues that transcript is indispensable as well. *See* Rule 5A:8(b)(4)(ii); *Town of Iron Gate*, 82 Va. App. at 49. But the substance of the custody and visitation proceedings and rulings are not at issue in this appeal, which raises only jurisdictional issues. Consequently, we conclude that a trial transcript is not indispensable to our resolution of this matter.

- 4 -

adjudicate a class of cases or controversies." *Id.* (quoting *Morrison v. Bestler*, 239 Va. 166, 169 (1990)). "[S]ubject-matter jurisdiction is the paramount consideration in assessing whether a court has authority to enter judgment." *Watson v. Commonwealth*, 297 Va. 347, 352 (2019). But "[s]ubject matter jurisdiction standing alone is . . . only the 'potential' jurisdiction of a court over the subject matter." *Smith v. Commonwealth*, 281 Va. 464, 467 (2011). For a court to have the authority to exercise its subject matter jurisdiction and to "adjudicate a particular case upon the merits, [requires it] to have what we have termed 'active jurisdiction.'" *Pure Presbyterian*, 296 Va. at 49 (quoting *Farant Inv. Corp. v. Francis*, 138 Va. 417, 427 (1924)). "'[A]ctive jurisdiction' — pragmatically called the 'jurisdiction to err' — involves not the power of the court but the proper exercise of its authority consistent with 'settled principles of the unwritten law' or any applicable 'mandate of the statute law.'" *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (footnote omitted) (quoting *Farant Inv. Corp.*, 138 Va. at 427). "Simply stated, active jurisdiction requires a court with subject matter jurisdiction to adjudicate a case consistent with the law governing that adjudication," *id.* at 266-67, to include the requirements "contained in the Rules of the Supreme Court of Virginia," *Smith*, 281 Va. at 468.

The distinction between active jurisdiction and subject matter jurisdiction "guards against the improper elevation of a court's failure 'to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction.'" *Cilwa*, 298 Va. at 267 (quoting *Jones v. Commonwealth*, 293 Va. 29, 47 (2017)). "Without [subject matter] jurisdiction the court cannot proceed at all in any cause." *Pure Presbyterian*, 296 Va. at 50 (alteration in original) (quoting *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)). Thus, "orders 'entered without subject matter jurisdiction are void.'" *Choi v. Choi*, 78 Va. App. 110, 113 (2023) (quoting *de Haan v. de Haan*, 54 Va. App. 428, 435 (2009)). But "[e]rrors in active jurisdiction may only render a decision voidable, not void ab initio for lack of jurisdiction," *Hannah*

*v. Commonwealth*, 303 Va. 106, 123 (2024), and therefore "[d]efects in active jurisdiction can be waived," *Cilwa*, 298 Va. at 270. A challenge to the circuit court's determination of whether it had jurisdiction over a matter presents a question of law subject to de novo review. *Ashland, LLC v. Va.-Am. Water Co.*, 301 Va. 362, 368 (2022).

Father first contends that the circuit court's November 5, 2021 custody and visitation order "was a permanent custody order, reserving expressly only the issue of attorney's fees" and that the court's August 17, 2022 order awarding fees "resolv[ed] that remaining issue." Since the court never entered an order suspending or vacating either its custody and visitation or attorney fees orders, father argues, "the [c]ourt lost jurisdiction over the case under Rule 1:1 after 21 days following entry of the August 17, 2022 [o]rder awarding attorney's fees." Consequently, in father's view, the court lacked jurisdiction to rule the following year on mother's motion to amend custody and visitation.

Rule 1:1(a) provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." In turn, Rule 1:1(b) states that

> [u]nless otherwise provided by rule or statute, a judgment, order or decree is final if it disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution of the court's judgment, order or decree.

As defined by our Supreme Court, "a final order 'is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" *de Haan*, 54 Va. App. at 436-37 (quoting *James v. James*, 263 Va. 474, 481 (2002)). "If 'further action of the court in the cause is necessary to give completely the relief contemplated by the court, the decree is not final but interlocutory.'" *Id.* at 437 (quoting

- 6 -

*Brooks v. Roanoke Cnty. Sanitation Auth.*, 201 Va. 934, 936 (1960)). And "[o]rders retaining 'jurisdiction to reconsider the judgment or to address other matters still pending in the action' lack finality." *Id.* (quoting *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 561 (2002)).

> Thus, when a trial court enters an order, or decree, in which a judgment is rendered for a party, unless that order expressly provides that the court retains jurisdiction to reconsider the judgment or to address other matters still pending in the action before it, the order renders a final judgment and the twenty-one day time period prescribed by Rule 1:1 begins to run.

*Super Fresh*, 263 Va. at 561.

We reject father's argument that pursuant to Rule 1:1, the circuit court lost jurisdiction over this matter after 21 days following entry of the August 17, 2022 attorney fees order. Father asserts that the court's November 5, 2021 order expressly reserved "only the issue of attorney's fees," but the record does not support this. Rather, the order expressly reserved jurisdiction not only to rule on attorney fees, but also "to rule on future issues regarding [B.'s] custody and visitation." While the court retained the expressly reserved jurisdiction to rule on custody and visitation, mother filed a motion to amend custody and visitation alleging a material change in circumstances. That motion was still pending and the court had ordered that it be docketed when the court entered its August 17, 2022 attorney fees order, thus rendering the attorney fees order interlocutory rather than final. Accordingly, the court's 21-day period of remaining active jurisdiction over this matter did not begin to run on August 17, 2022, as alleged by father.

Father next contends that even if the circuit court's August 17, 2022 order was not a final order, the court nonetheless lacked subject matter jurisdiction to adjudicate mother's motion to amend. He argues that the circuit court was limited in its "appellate capacity" to only the immediate issues presented on appeal from the JDR court and "had no statutory authority to modify its [custody and visitation] decree based on a change in circumstances occurring after entry of the decree. This jurisdiction is conferred exclusively on the [JDR court]." Stated somewhat differently

by father, "the General Assembly intended the [c]ircuit [c]ourt to be one of appellate jurisdiction over [JDR court] orders only and did not intend the [c]ircuit [c]ourt to have general jurisdiction . . . to take up new matters asking for changes and modifications based on new facts and circumstances" as raised in the motion to amend.

A review of the relevant statutory provisions demonstrates that father's argument lacks merit. The statute relied upon by father in making his argument, Code § 16.1-241(A)(3), does provide that the JDR court "shall have . . . exclusive original jurisdiction . . . over all cases, matters, and proceedings involving . . . [t]he custody [and] visitation . . . of a child" where custody and visitation are in controversy or require determination. But that "original jurisdiction" is merely the "court's power to hear and decide a matter before any other court can review the matter." *Original Jurisdiction*, *Black's Law Dictionary* (12th ed. 2024); *see also In re Bennett*, 301 Va. 68, 74 (2022) (Kelsey, J., joined by Chafin, J., dissenting in part) ("A 'court of original jurisdiction' is the court where the dispute is 'first heard.'" (quoting *Black's Law Dictionary* 445 (11th ed. 2019))). Once the JDR court heard and decided custody and visitation, Code § 16.1-296(A) authorized the parties to appeal the JDR court's "final order or judgment . . . to the circuit court within 10 days from [the order's] entry" for the matter to "be heard de novo" in the circuit court. *See also* Code § 17.1-513 (providing subject matter jurisdiction for the circuit court to hear the appeal). And upon that appeal, the circuit court "assume[d] jurisdiction" over the parties' custody and visitation dispute. *See Peple v. Peple*, 5 Va. App. 414, 418 (1988).

Nothing in the plain language of Code §§ 16.1-241(A)(3) and 17.1-513 supports father's argument that, once the JDR court's custody and visitation order was appealed to the circuit court, that court's "appellate capacity," or subject matter jurisdiction, was limited to only the immediate issues presented on appeal from the JDR court. To read such a limitation into the statutes "would require us to add language to the statute[s]. This Court may not construe the plain language of a

- 8 -

statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" *Commonwealth v. Amos*, 287 Va. 301, 307 (2014) (quoting *Vaughn, Inc. v. Beck*, 262 Va. 673, 679 (2001)); *see also Chesapeake Hosp. Auth. v. State Health Comm'r*, 301 Va. 82, 95 (2022) ("[W]e assume the legislature chose its words with care when enacting a statute, and 'we are bound by those words.'" (quoting *Simon v. Forer*, 265 Va. 483, 490 (2003))); *id.* ("Courts are not permitted to rewrite statutes. This is a legislative function." (quoting *Anderson v. Commonwealth*, 182 Va. 560, 566 (1944))). Rather, once the circuit court "properly acquired subject matter jurisdiction on [the] appeal from the [JDR court]" pursuant to Code § 16.1-296(A), and "heard [the] appeal *de novo*, it divested the lower court of its exclusive jurisdiction over those proceedings." *Austin v. Commonwealth*, 42 Va. App. 33, 39 (2003). The circuit court thereafter had subject matter jurisdiction to "adjudicate [the] particular case upon the merits," *Pure Presbyterian*, 296 Va. at 49, until it entered final judgment on the matter. *See* Code § 16.1-297 ("Upon the rendition of final judgment upon an appeal from the [JDR court], the circuit court shall cause a copy of its judgment to be filed with the [JDR court] . . . which shall thereupon become the judgment of the juvenile court."). Accordingly, contrary to father's argument, there was no limitation on the circuit court's "appellate capacity" to address the matters raised by mother in her motion to amend while the court retained jurisdiction of the case.

### III.  CONCLUSION

For the foregoing reasons, we affirm the circuit court's ruling.

*Affirmed.*